(69 App. Div. 264.)

RANKINE v. METZGER.

(Supreme Court, Appellate Division, First Department. February 14, 1902.)

1. TESTAMENTARY TRUST—DEATH OF TRUSTEE—SURVIVORSHIP.

Where a testatrix devises her property to her husband and son in trust, with power of sale and reinvestment until her two youngest children, or either of them, attain their majority, in which event, or in case neither attains majority, to distribute the estate equally among the children and the husband, and providing for the distribution of the share of the husband if he dies before the period of distribution, the

trust period is not limited to the life of the husband, but continues until the youngest of such children becomes of age, unless both sooner die.

**2.** SAME—JUDGMENT AGAINST BENEFICIARY—EXECUTION SALE.

A testatrix devised her realty to her husband and son in trust, with power of sale and reinvestment until her two youngest children, or the survivor of them, attained majority when distribution was to be made. After testatrix's death a judgment was obtained against the son, and plaintiff purchased his interest at execution sale to satisfy the judgment. The husband died, and the son, as surviving trustee, exercised the power of sale under the will prior to the termination of the trust period, and long before the sale made under the judgment. *Held* that, as the title to the property became immediately vested in the beneficiaries, subject to be devested by the execution of the power of sale, the lien of such judgment was terminated by the exercise of the power, and attached to the proceeds, giving the purchaser from the trustee a title freed from any incumbrances.

**3.** SAME—SURVIVING TRUSTEE—BENEFICIARY INTEREST—SALE—VALIDITY.

Where a husband and son are trustees under a will with power of sale, that the son is a beneficiary will not invalidate a sale by him, as surviving trustee, before the termination of the trust period as to his interest in the property, as the trust, being valid at its inception, will continue to the end of the period.

Appeal from special term, New York county.

Action by Harold S. Rankine against Julius I. Metzger. From a judgment at special term (68 N. Y. Supp. 911) dismissing plaintiff's complaint after a trial on the merits, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Eustace Conway, for appellant.
John Larkin, for respondent.

HATCH, J. The action is in ejectment, and seeks to recover an undivided one-ninth part of the premises described in the complaint. The rights of the respective parties depend upon the construction to be given to the will of Mary E. Schuyler, who died seised of the premises March 1, 1880, and the power and authority of the trustees appointed thereunder. After making provision for the management and control of her interest in the business of Miller, Schuyler & Co., and bequests of certain personal property to various persons, the will provides:

"All the rest, residue, and remainder of my property and estate, real and personal, of every nature and kind, and wheresoever situated, to my husband, Garrett L. Schuyler, and my son, Jacob Miller Schuyler, in trust for the execution of this, my will, with power to sell and dispose of the same at public or private sale at such times and upon such terms as to them shall seem meet, and to invest and reinvest the same, and to receive the rents and profits thereof, and to apply the same as follows: To pay all the rents, profits, and the income thereof until the two youngest of my children me surviving, or the survivor of them, shall attain the age of twenty-one years, to my husband, Garrett L. Schuyler, to be used by him toward his own support and maintenance and the support and maintenance and education of my children me surviving as to him may seem meet, free from the payment of his debts; and then, when the two youngest of my children me surviving, or the survivor of them, shall attain the age of twenty-one years, or, in case neither of said children shall attain the age of twenty-one years, then upon the death of the latest surviving of them to divide the said rest, residue, and remainder of my estate, share and share alike, equally among my chil-

dren me surviving, and my said husband, Garrett L. Schuyler, except as hereinafter provided. In case of the death of any of my said children leaving no heir or heirs of his, her, or their body him. her, or them surviving, or of my said husband, before the distribution of my estate as herein provided for, then the share which would otherwise, had he survived, have fallen to my said husband, and the shares which would have respectively fallen to my said children so deceased had they survived, shall be equally ·divided, share and share alike, as hereinbefore provided for the distribution ·of the rest, residue, and remainder of my property."

The other provisions of the will do not affect any question involved in the present action. Upon the death of the testator both trustees qualified and entered upon the execution of their trust. At the time ·of the death of the testator she had nine children, all of whom survived the trust period provided in the will. After the death of the testator, and on May 12, 1888, a judgment was obtained and duly ·docketed against the son, Jacob Miller Schuyler. Garrett L. Schuyler, the husband, died April 20, 1899, leaving surviving all of the ·children and Jacob Miller Schuyler, the sole surviving trustee. The trust period came to an end by the coming of age of the young-·est child in 1892. On April 1, 1890, Jacob Miller Schuyler, as sole surviving trustee, sold said property, and the defendant in this action has succeeded to title by a conveyance from such trustee's grantee. Subsequently an execution was issued upon the judgment against Jacob Miller Schuyler, which resulted in a sale on the 21st day of September, 1896·; the sheriff assuming to sell all the right, title, and in-·terest of the defendant, Jacob M. Schuyler, of which he was seised or possessed on the day of.the date of the entry of the judgment, or at .any time afterwards, in the property, the subject of this action. At such sale the plaintiff became the purchaser, and thereafter . the sheriff executed and delivered to him a deed in pursuance thereof, and under such deed the plaintiff claims title to a ninth undivided interest in these premises.

We are of opinion that by the provision of the will above quoted .a valid trust was created, which would continue until the youngest of ·the two children mentioned therein should come of age, unless both .should sooner die. It is evident, from the language employed, that the trust period was not limited to the life of the husband. He is ·given from the trust estate the rents, profits, and income for his support and maintenance, and for the support, maintenance and education of the children. Two purposes are clearly contemplated,—one, the support and maintenance of the husband; and, secondly, the support, maintenance, and education of the children. There is no provision in the will for the termination of the trust, except upon the arrival of age of the youngest child, or on the ·death of both, when the direction is, upon the happening of either contingency, to ·distribute and divide the estate among those entitled thereto. That the trust provision was intended to survive the death of the husband is made manifest by the fact that provision is made respecting the ·share that would be distributed to him if he survived, and its disposition if he died. The fact that during the lifetime of the husband .he was to receive the rents, issues, and profits, and make distribution .of the same, does not limit or control the trust provision, nor its

duration, nor deprive the children during such period of support, maintenance, and education from the income; nor did the right thereto depend upon the life of the husband. The right of the children to such portion as was necessary for the purposes mentioned was as absolute as was the right of the husband, and continued until the termination of the trust period. It is evident, therefore, that the trust survived the death of the husband. The power in trust, considered merely as a power which was vested in the trustees, treated as such, did not carry with it the legal title. Upon the death of the testator the title to the real property became immediately vested in the children of the testator in undivided interest, subject, however, to be devested by the execution of the power of sale by the trustees. Cussack v. Tweedy, 126 N. Y. 81, 26 N. E. 1033. As such it became subject to the lien of a judgment recovered against the cestuis que trustent, and a sale made thereunder carried with it a legal title to the land so long as the power of sale remained unexecuted. Upon the execution of the power, however, the lien of the judgment, or a conveyance pursuant to a sale thereunder, will cease and determine, and the lienor or purchaser will be relegated to the proceeds of the sale in the execution of the power, and a purchaser from the trustee obtains a good title, freed of any lien, incumbrance, or cloud. Sayles v. Best, 140 N. Y. 368, 35 N. E. 636; Ackerman v. Gorton, 67 N. Y. 63. If the will be construed as creating an express trust, then title became vested in the trustees, and the lien of the judgment would not attach. In the view we take of the case, it is not now necessary to determine whether the trustees took an estate or a power. The surviving trustee exercised the power of sale under the will prior to the termination of the trust period, and long before a sale was had under the judgment. It follows, therefore, that, as the trust provision was good, if the surviving trustee had the power as such to make the sale, the defendant obtained a good title to the premises, freed of the lien of the judgment, and a sale thereunder conveyed no title or interest of any character. Whatever right the lienor had was a claim upon the proceeds, and nothing else. It is a general and well-settled provision of law that the office of trustee and beneficiary may not be united in the same person, as the two interests are incompatible. Rogers v. Rogers, 111 N. Y. 228, 18 N. E. 636; Woodward v. James, 115 N. Y. 346, 22 N. E. 150. It has not yet been decisively determined, however, whether a trust provision otherwise good would be defeated by this conjunction of interest. The supreme court is vested with power to appoint a person to carry out a good trust provision where a surviving trustee of an express trust has died, and much reason exists for holding that the court may exercise the power to prevent the failure of a good trust provision which may be incapable of execution by reason of the conjoined interests of the trustee. Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8. But, however this may be, it is clearly the law that, where two or more trustees are appointed to execute a trust, and one or both is under the infirmity of being a beneficiary, neither the trust nor its execution fails, as each may act for the other where disqualification exists, and all can act with respect to that portion of the

property in which they have no interest. Rogers v. Rogers, supra. The trust provision, therefore, in this case, was valid in its inception, and so continued to the end of the period; for, if Jacob Schuyler was under a ban by reason of his interest as beneficiary, the trust continued, and the only infirmity, if any, lay in its execution. Unless there be words contained in a will which limit the execution of the power to the joint action of a certain number of trustees, the death of one does not defeat the execution of the trust, but such power becomes vested in the survivor. Such is the provision of the statute. Section 45, tit. "Trusts and Trustees," Birdseye's Rev. St. (2d Ed.); House v. Raymond, 3 Hun, 44. It has been held that a person who was a beneficiary under a will might be appointed to execute the power where for some reason the trustee named was disqualified. People v. Donohue, 70 Hun, 317, 24 N. Y. Supp. 437. In Rogers v. Rogers, supra, a like power was executed through a disqualified trustee, so disqualified by reason of interest. It is true that in that case the supreme court assumed jurisdiction and control of the trust estate, and ordered a reference to take proof respecting it; but the act itself was done by the trustee, and it was held to be proper, and validated the transaction. In Losey v. Stanley, supra, the court said: "We have no doubt that the appointment of the beneficiary as trustee by the court, on the death or resignation of the testamentary trustee, does not extinguish the trust." The incompatibility of such a relation would seem to be quite as strong when created by the court as when created by the testator; the only distinction which is apparent being that the court under such circumstances may supervise the acts of the trustee, but all trustees are subject to the same supervision. It is clear, we think, beyond controversy, that this trust provision was perfectly valid, both in character and in instruments for its execution. The trust itself is not severable; it is one and indivisible. The surviving trustee had clear authority to execute the trust provision as to eight-ninths of the trust property, and in this respect he was subject to no infirmity whatever. The authority was to sell the whole interest. The trustee could no more save out his own share from passing under the execution of the power than he could the interest of any other child; and, if he sought to make severance, he could not do it, as the interest of each would be equal to his own in the part reserved. As the trust was good in its inception, and was indivisible, the partial interest of the trustee, we think, may not intervene to defeat its execution, and upon the death of his co-trustee the power was properly executed, and conveyed good title. The Code provision (section 2818) seems to cover such a case, and furnishes authority for the execution of the trust. The acts of the trustees in making their prior conveyance and obtaining the reconveyance, or their other acts, do not affect any question presented by this case, and it is therefore not necessary to refer to them.

If these views be sound, it follows that the judgment should be affirmed, with costs.

INGRAHAM, J., concurs.

VAN BRUNT, P. J.   I concur in the result of the opinion of Mr.
Justice HATCH, but I dissent from any interpretation of this will,
that any power in trust was created or existed prior to the year 1892,
when the youngest child became of age.   Prior to that time the
trustees named in the will and the survivor of them were such under-
an express trust, having power to sell the real estate, to invest the
proceeds of the same, and to collect the rents, income, and profits.
of said real estate, and of the proceeds when reinvested, until the-
two youngest children of the testatrix should attain the age of 21,.
which event occurred in 1892.   The deed executed by the surviving
trustee, Jacob M. Schuyler, was executed in April, 1890, while he was.
invested as trustee of an express trust with the title to the property.
Under these circumstances there is no possible room for construing-
the will of Mary E. Schuyler so as to hold that Jacob M. Schuyler,.
at the time of executing this deed, was the donee of only a power in
trust.   It is clear that the trust created by the will is an express-
trust when we examine the provisions of section 55, pt. 2, c. 1, vol.
1, Rev. St. (Edmonds' Ed., marg. p. 729).   That section reads as.
follows:

"Express trusts may be created, for any or either of the following pur--
poses: (1) To sell lands for the benefit of creditors: (2) To sell, mortgage-
or lease lands, for the benefit of legatees, or for the purpose of satisfying-
any charge thereon: (3) To receive the rents and profits of lands, and apply
them to the use of any person, during the life of such person, or for any-
shorter term, subject to the rules prescribed in the first article of this title::
(4) To receive the rents and profits of lands, and to accumulate the same,.
for the purposes and within the limits prescribed in the first article of this-
title."

Under the will in question the trustees were given the right to sell
the real estate for the benefit of the legatees mentioned in the will,.
and also to receive the rents, issues, and profits of the lands, and:
apply them to the use of the persons named in the will; thus cre--
ating an active express trust.   Section 60, pt. 2, c. 1, vol. 1, Rev.
St., reads as follows:

"Every express trust, valid, as such, in its creation, except as herein other--
wise provided, shall vest the whole estate in the trustees, in law and in-
equity, subject only to the execution of the trust.   The persons for whose-
benefit the trust is created, shall take no estate or interest in the lands, but:
may enforce the performance of the trust in equity."

The exceptions which are mentioned in the statute in no way-
apply to the case in question.   One in particular is contained in sec--
tion 56, and is worthy of note because it expressly recognizes that.
under the conditions which were created by the will in question the
title is in the trustees.   This section reads as follows:

"A devise of lands to executors or other trustees, to be sold or mortgaged,.
where the trustees are not also empowered to receive the rents and profits,.
shall vest no estate in the trustees; but the trust shall be valid as a power,
and the lands shall descend to the heirs, or pass to the devisees of the tes--
tator, subject to the execution of the power."

Hence, by the fact of the trustees being empowered to receive-
the rents and profits of the lands, it is clear that they were invested
with the whole title, and the remainder-men took no estate or inter--
est in the lands.   Section 58 reads as follows:

"Where an express trust shall be created, for any purpose not enumerated in the preceding sections, no estate shall vest in the trustees; but the trust, if directing or authorizing the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust, subject to the provisions in relation to such powers, contained in the third article of this title."

When we consider these provisions of the statute, there does not seem to be room for any assumption that an express trust was not created under which the whole title to the real estate was vested in the trustees, and the persons beneficially interested took no interest or estate in the lands until after the termination of the trust, which event did not occur until after the conveyance in question.

PATTERSON and LAUGHLIN, JJ., concur.