### HAENDLE v. STEWART.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. WILL—TRUST—TRUSTEES—BENEFICIARY—POWER.

    Where the sole beneficiary is the only one of the trustees appointed under a will to qualify, the other trustee refusing to act, she cannot execute the power of sale under the will, as trustee, without either the appointment of another trustee or the supervision of her doings by the court.

Action by Anna F. Haendle, as sole acting executrix of and trustee under the will of Herman J. Haendle, deceased, against George S. Stewart. Submitted on agreed statement of facts, in accordance with Code Civ. Proc. §§ 1279, 1280. Judgment for defendant.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Robert Goeller, for plaintiff.
James F. Horan, for defendant.

INGRAHAM, J. The plaintiff on the 14th day of April, 1902, made a contract whereby she agreed to sell and convey to the defendant certain real estate in the city of New York. The contract

provides that "the deed shall be an executor's deed, * * * to convey to the vendee, or the vendee's assigns, the absolute fee of the above premises, free from all incumbrances except as herein stated." The completion of the contract was adjourned until the 19th day of May, 1902, at which date the plaintiff tendered to the defendant a deed whereby the plaintiff "individually and as sole qualifying executrix under the last will and testament of Herman J. Haendle, deceased," conveyed to the defendant the property in question. This deed was objected to by the defendant upon the ground that the plaintiff could not convey a good, marketable, and perfect title to the said premises. The question presented upon this submission is whether this deed was sufficient to convey such a title, the plaintiff demanding a judgment requiring the defendant specifically to perform said contract according to the terms thereof, and the defendant demanding a judgment that he be released and discharged from such performance, and that he recover from the plaintiff the sum of $500, paid upon the execution of said agreement, his expenses incurred for the examination of the title, and the costs of this proceeding.

Prior to his death, on the 3d of August, 1899, Herman J. Haendle, the plaintiff's husband, was the owner of the premises in question. He left a last will and testament, which was admitted to probate on the 20th of October, 1899, which, after giving certain specific legacies, provided: "(4) The remainder of all my property, real and personal, and wheresoever situated, I give, devise and bequeath to my executors hereinafter named and the survivor of them, in trust, nevertheless, for the following purposes, to wit: First. To collect, receive and pay over the income thereof to my wife, Anna Fredericka, during her natural life, for the support and maintenance of herself and our children, with the right and power to use so much of the principal thereof as my said executors may from time to time deem necessary and proper in their discretion, for the purposes of said trust;" with the further provision to pay the unexpended balance of the principal and income in hand, at the time of the death of his wife, to his surviving children, and the issue of any deceased child, share and share alike. By the sixth clause of the will the testator provided: "For the purposes of the trust hereby created, I hereby authorize and empower my said executors and trustees and the survivor of them to sell and convey any and all property which may come into their hands as such executors or trustees, and to invest and reinvest the proceeds of the sale of such property in such securities as in their discretion may seem best;" and the plaintiff was appointed executrix, and Charles Mann executor. Letters testamentary were issued to the plaintiff, who alone qualified as the executrix of and trustee under the said will, Charles Mann, the other executor named, declining to act. The only executor, therefore, who qualified was the sole beneficiary during the continuance of the trust. She has attempted to exercise the power of sale contained in the sixth clause of the will, and we have to determine whether by the exercise of that power she could convey a good title to the real property which constituted the trust estate.

That by this will a valid trust was created to last during the life of the wife, with remainder over after her death, is not disputed. There is no statement in the submission as to whether the testator left children surviving; but the trust was to continue only during the life of the wife, and upon the death of the wife the remainder vested in the children of the testator, if he had any, or, if not, in his heirs at law. The title that vested in the trustees was the absolute title of the property during the life of the life beneficiary. In Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8, Judge Andrews, in delivering the opinion of the court, says:

"The estate of the trustee was for the life of James W. Stanley, and terminable at his death. The will created two distinct legal estates in the devised property, viz., an estate in the trustee for the life of the beneficiary, with the right of possession and to receive the rents and profits during the continuance of the trust, and an estate in remainder which became vested on the birth of children as before stated. The trustee had no power over the estate in remainder except such as may have been given him by the will. He could not sell or incumber it, or in any way by his own act alter or affect the interests of the remaindermen, unless authorized by the will. The provision of the statute of uses and trusts (1 Rev. St. p. 729, pt. 2, c. 1, tit. 2, § 60), declaring that every valid express trust shall vest the whole estate in the trustees, is by settled construction limited to the trust estate, and has no application to future legal estates in lands covered by the trust, to take effect in possession on the termination of the trust. The trustee in the present case had an estate for the life of James W. Stanley, and it was this estate, and this only, which vested in the trustee."

This will, therefore, created a trust for the life of the wife, and she and another were appointed trustees, to whom the legal title· was conveyed. The devise of the testator's real estate was direct to his executors named in the will and the survivor of them, not limited to the executor who should qualify. The condition that was here created was substantially that presented in the case of Rogers v. Rogers, 111 N. Y. 228, 18 N. E. 636. Judge Finch, in delivering the opinion of the court in that case, says:

"The will did not attempt to unite in the same person the office of trustee and the interest of beneficiary. Its terms associate with the executrix four other persons as executors, and to the five, or such of them as should qualify, the residue was given in trust. The widow could act freely as to the beneficiaries other than herself, and as to herself four remained who could exercise the control and judgment improper for her. Trusts thus constituted are quite common, and, although the trustees other than the beneficiary may die or decline to act, the court has power to supply their place, or, if need be, take upon itself the execution of the trust, so far as it ought not to be executed by the trustee who is also beneficiary. In this case the emergency happened. The four executors refused to qualify, and Mrs. Rogers became sole executrix, and that raised the question upon which the Special Term passed, not of the validity of the trust in its creation, but how it could or should be executed in view of the emergency which had arisen. * * * It might have appointed a new trustee, but, having itself exercised all the discretion reposed anywhere, it might direct the mere formal act of giving the mortgage and distributing the money in the proportions dictated to Mrs. Rogers, for the amount going to her was fixed, and that set apart for the minors she could properly apply."

The question, then, arises whether this sole trustee and sole beneficiary could exercise a power of sale given by the will. In Woodward v. James, 115 N. Y. 346, 22 N. E. 150, the testator appointed his

wife sole executrix, and gave to her one-half of the income of all his property of every kind of which he should die possessed, and also the use of his two houses,. one at Cold Spring, and the other. in the city of New York, and gave to his legal heirs the remainder of the income from his property during the life of his wife, and to his legal heirs the reversion and ownership of all his estate and property after the death of his wife. In discussing this will, Judge Finch says:

"It is undoubtedly true that the same person cannot be at the same time trustee and beneficiary of the same identical interest. To say that he could would be a contradiction in terms, as complete and violent as to declare that two solid bodies can occupy the same space at the same instant. Where, however, the trustee is made beneficiary of the same estate, both in respect to its quality and quantity, the inevitable result is that the equitable is merged in the legal estate, and the latter alone remains. If, then, it be granted that, as to her half of the income, the widow was not trustee, and took what was given to her by a direct legal right, it does not follow that her trust estate in the corpus of the property is in any manner destroyed, or that there is any the less a necessity for its existence. She can be trustee for the heirs, and that trust ranges over the whole estate 'for the purpose of its management and disposition."

In Losey v. Stanley, supra, Judge Finch says:

"We entertain some doubt whether a trust is void in its inception where the instrument creating the trust appoints the sole beneficiary the trustee, but we have no doubt that the appointment of the beneficiary as trustee by the court, on the death or resignation of the testamentary trustee, does not extinguish the trust. The incompatibility of the two relations united in the same person is evident. Whether a trust so constituted in the first instance may not be sustained, leaving it to the court to substitute a competent trustee, will need consideration when the question directly arises."

From what was said it seems to be certain that, where the testator created a trust appointing as trustee the beneficiary, with another trustee who was under no disability, a valid trust was created, and, on the death or refusal to act of the trustee under no disability, the court could appoint a trustee in his place, or could take upon itself the execution of the trust; but that a trust cannot be executed by the sole beneficiary as trustee, without either the appointment of a trustee under no disability or a supervision of the execution of the trust by the Supreme Court. A different situation is presented where the .sole trustee is also the sole beneficiary. In that' case it has not been determined by the Court of Appeals that a valid trust was ever created. Here a valid trust was created. To the trustees named by the testator there was devised the legal title to the trust property during the continuance of the trust. In consequence of the refusal of the trustee who was competent to act as trustee, there was no competent trustee who could execute the trust. The trust, therefore, vested in the Supreme Court, to be executed by a new trustee to be appointed by the court, or by the court itself, but the person named as trustee, who by virtue of her position was the sole beneficiary, was incompetent to execute the trust. The will also contained a power of sale by which the executors and trustees, for the purposes of the trust created, were authorized and empowered to sell and convey any and all property which might come into their hands as such executors and trustees; but this power of sale was vested in the trustee as such, and was to be executed for the purposes of the trust.

It would seem to follow that, if there was no competent trustee who had authority to execute the trust, there was no person having authority to execute this power vested in the trustees for the purposes of the trust. Undoubtedly, under the provision of section 2642 of the Code of Civil Procedure, if there had been a trustee who was qualified to execute the trust, a failure of other trustees, also appointed, to qualify, would not affect the execution of the trust by the trustee who was qualified to execute; but in this case the trouble is that there is no trustee qualified to execute the trust, and the attempted execution of the power by the plaintiff, not qualified to execute the trust, was not an execution of the power given to the trustees to be exercised for the purposes of the trust.

The case of Rankine v. Metzger, 69 App. Div. 264, 74 N. Y. Supp. 649, is not opposed to this view. In that case the surviving trustee who executed the power of sale was a beneficiary only as to one-ninth interest in the trust property, and, sustaining the exercise of the power of sale by the trustee, Mr. Justice Hatch said:

"The trust itself is not severable; it is one and indivisible. The surviving trustee had clear authority to execute the trust provision as to eight-ninths of the trust property, and in this respect he was subject to no infirmity whatever. The authority was to sell the whole interest. The trustee could no more save out his own share from passing under the execution of the power than he could the interest of any other child. If he sought to make severance, he could not do it, as the interest of each would be equal to his own in the part reserved. As the trust was good in its inception, and was indivisible, the partial interest of the trustee, we think, may not intervene to defeat its execution, and upon the death of his co-trustee the power was properly executed and conveyed good title;" and section 2818 of the Code was cited as applying to such a case.

That section applies only to a case where one of two trustees is dead or has resigned, and not to a case where one of the two trustees has never qualified.

It follows that this plaintiff was not qualified to execute the trust, and that her conveyance under the power of sale contained in the will was not sufficient to convey a marketable title, and for that reason the defendant is entitled to judgment, with costs. All concur.