BENJAMIN ELINSKY, Respondent, *v.* SAMUEL BERGER, Appellant.

*Title to real property — when it is not in question in an action in the New York City Municipal Court.*

The fact that upon the trial in the Municipal Court of the city of New York of an action to recover moneys deposited by the plaintiff under a contract, by which the defendant agreed to sell to him certain real estate, it is conceded that the defendant was unable to perform the contract of sale because an adjoining building encroached upon the property contracted to be sold from two to four inches, does not bring the case within the terms of section 184 of the Municipal Court Act (Laws of 1902, chap. 580) which requires the court to dismiss the complaint, where it appears upon the trial, by the plaintiff's own showing, that the title to real property is in question and that the title is disputed by the defendant.

APPEAL by the defendant, Samuel Berger, from a judgment of the Municipal Court of the city of New York in favor of the plaintiff, entered on the 24th day of July, 1903, upon the decision of the court, after a trial before the court without a jury.

*John J. Kuhn,* for the appellant.

*Louis J. Altkrug,* for the respondent.

HIRSCHBERG, J. :

The only point presented by the appellant is that the Municipal Court had no jurisdiction of the action, because the title to real estate was in question. The action is to recover a sum of cash deposited by the plaintiff under a contract of sale of certain real

estate belonging to the defendant in the borough of Brooklyn. It was conceded that an adjoining building encroached upon the property from two to four inches, so that the defendant could not give complete possession, and on this fact appearing the defendant claimed that the case was brought within the terms of section 184 of the Municipal Court Act (Laws of 1902, chap. 580) by which the court is required to dismiss the complaint where it appears upon the trial by the plaintiff's own showing that the title to real property is in question and the title is disputed by the defendant.

It is unnecessary to consider the cases cited by the parties. There was no title in dispute. The action is for damages for breach of contract, and the right of action is established on proof of a failure to convey as agreed upon for any cause with which the plaintiff is not legally chargeable. The difficulty in this instance arose from the fact that the defendant's property is so far incumbered as to deprive him of the power of transferring possession. His title, however, was in no sense disputed by the plaintiff, and the case was not one of those contemplated by the statute.

The judgment should be affirmed.

GOODRICH, P. J., BARTLETT, WOODWARD and HOOKER, JJ., concurred.

Judgment of the Municipal Court affirmed, with costs.