## DOSCHER v. WYCKOFF et al.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. WILLS (§ 684*)—CONSTRUCTION—TRUSTS—VALIDITY.

Testator gave his wife the income of his estate, and provided that on her death or remarriage the property should go to his children. He gave all his property to his wife and his brother, who were appointed executors, in trust to pay legacies, with power to sell real estate. *Held* to create a valid trust under the statute of uses and trusts (1 Rev. St. [1st Ed.] pt. 2, c. 1, tit. 2, § 55, subd. 3), authorizing trustees to receive the rents of land and apply them to the support of any person for life, etc., and the wife was entitled to the profits of the estate until her death or remarriage.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1615; Dec. Dig. § 684.*]

2. WILLS (§ 634*)—CONSTRUCTION—ESTATE DEVISED—VESTED REMAINDER.

Testator gave his wife the income of his estate, and provided that on her death or remarriage the property should go to his children and the issue of any deceased child. He gave all his property to his wife and his brother, who were appointed executors, in trust to pay legacies, with power to sell the real estate. Testator died, leaving his wife and a son. *Held*, that the son took a vested estate in remainder, subject to defeat by his death during the life of the wife, since, while his death, before the wife, leaving issue, was a contingency on which a remainder might vest in his issue, it was not an event on which the vesting in him depended; the provision of the statute of uses and trusts (1 Rev. St. [1st Ed.] pt. 2, c. 1, tit. 2, art. 2, § 60) that every express trust valid in its creation shall vest the whole estate in the trustee, subject only to the execution of the trust, only meaning the entire estate necessary to make the trust effective.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1488; Dec. Dig. § 634.*]

3. TRUSTS (§ 191*) — SALE OF TRUST PROPERTY — POWER OF SALE BY TRUSTEE—"GENERAL POWER IN TRUST."

Testator gave his wife the income of his estate, and provided that on her death or remarriage the property should go to his children. He gave all the property to his wife and his brother, who were appointed executors, in trust to pay legacies, with power to sell. The land devised was unimproved. The wife and brother qualified. Subsequently the latter died, and the wife, as sole surviving executrix and trustee, conveyed the land in fee; the deed reciting that she executed it by virtue of the power in the will. *Held* that, as the power of sale was a "general power in trust," within 1 Rev. St. (1st Ed.) pt. 2, c. 1, tit. 2, art. 3, § 94, defining a general power in trust, the sale was valid, since the estate conveyed was not only the estate held by the trustee, but the estate in remainder, over which the trustee as such had no power.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 243; Dec. Dig. § 191.*

For other definitions, see Words and Phrases, vol. 4, p. 3076.]

4. TRUSTS (§ 191*)—SALE OF TRUST PROPERTY—VALIDITY.

Where the power of sale given to an executrix and trustee is given for other purposes than for the purposes of the trust created for the executrix and trustee, and other persons will be benefited by the execution of the power of sale, the fact that the executrix and trustee may derive a benefit from the sale will not deprive her of the right to execute the power.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 243; Dec. Dig. § 191.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. TRUSTS (§ 202*)—SALE OF TRUST PROPERTY—VALIDITY—OBLIGATION OF PURCHASER.

Testator gave his wife the income of his estate, and provided that on her death or remarriage the property should go to his children. He gave all his property to his wife and his brother, who were appointed executors, in trust to pay legacies, with power to sell the real estate. The wife, as sole surviving executrix and trustee, conveyed the land in fee. *Held* that, under 1 Rev. St. (1st Ed.) pt. 2, c. 1, tit. 2, art. 2, § 66, providing that no person who shall in good faith pay money to a trustee shall be responsible for the proper application of the money, etc., the purchaser, to sustain the validity of the sale, was not required to show that he inquired into the necessity or expediency of the sale or the application of the proceeds.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 272; Dec. Dig. § 202.*]

6. QUIETING TITLE (§ 52*)—COMPLAINT—JUDGMENT.

The fact that a complaint containing sufficient allegations to sustain the action as one to determine claims to real property under Code Civ. Proc. §§ 1638, 1639, contains other allegations not necessary to such a form of action, and contains a prayer for relief in part inappropriate, does not prevent the court from rendering a judgment in accordance with the requirements of section 1645.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 99; Dec. Dig. § 52.*]

Appeal from Special Term, Kings County.

Action by Claus Doscher against Maria Wyckoff, individually and as surviving executrix and trustee of Henry L. Wyckoff, deceased, and another. From a judgment for plaintiff (113 N. Y. Supp. 655), defendants appeal. Affirmed.

Henry L. Wyckoff died on the 28th day of January, 1879. He was seised of an estate in fee simple in an undivided five-sixteenths of a farm in the then town of New Lots, which afterward became part of the city of Brooklyn. This estate was subject to an outstanding life estate in his mother, Sarah Wyckoff, who was in the actual possession thereof. He left him surviving his widow, the defendant Maria Wyckoff, and one child. the defendant Abraham Vanderveer Wyckoff. He left a will which was duly proved and which provided as follows:

"First. I give to my wife, Maria Wyckoff, in lieu of dower the use and income of all my real and personal property to be paid to her by my executors so long as she shall remain my widow.

"Second. On the death or remarriage of my wife, I give all my property real and personal which I may own or be entitled to or interested in at my decease in equal portions to my children then living and the issue of such as may have died, such issue to take the share the parent would take if living.

"Third. I give and devise all my real and personal estate of whatever nature or kind to my wife, Maria Wyckoff, the executrix and to my brother, Jacob S. Wyckoff, the executor of this my last will and testament hereinafter nominated and appointed, in trust for the payment of my just debts and the legacies hereinbefore specified with full, absolute and complete power and authority to such of them as may qualify and to the survivor of them to grant, sell, convey, mortgage, lease or exchange, all or any part or parts of my real estate, at public or private sale at such time or times and upon such terms and in such manner as to them shall seem meet."

Both Maria Wyckoff and Jacob S. Wyckoff qualified as executors, but no account of their proceedings as such has ever been filed. Jacob S. Wyckoff died in the year 1881. On the 29th of January, 1890, all of the owners of the said farm entered into a contract to sell the same to Edward F. Linton for a price exceeding $200,000. In this contract Maria Wyckoff described herself as the sole surviving executor and trustee under the last will and testament of Henry L. Wyckoff, deceased. About the 1st day of May, 1890, she executed

a deed in which she is described in the same manner as in the contract. The deed recites that she executes the same by virtue of the power and authority to her given by said last will and testament. It contains a covenant that she is lawfully the executrix of the said will and has power to convey, that she has in all respects acted in making the conveyance in pursuance of the authority granted in and by said last will and testament, and that she has not made, done, committed, or suffered any act, matter, or thing whatsoever since she was executrix as aforesaid whereby the above-granted premises shall or may be impeached, charged, or incumbered in any manner whatsoever. The proportionate part of the purchase price which the estate of Henry L. Wyckoff was entitled to receive was $54,062.50, which was paid to her partly in cash and the residue by the bond of the said Linton, secured by a purchase-money mortgage on the said premises. Thereafter, from time to time, the said Maria L. Wyckoff, upon receiving payment of a part of the principal of the said mortgage, released portions of the property covered thereby, until on the 1st day of May, 1903, when the balance of the mortgage remaining unpaid was paid to her, she executed and delivered a satisfaction piece thereof.

The farm conveyed to Linton was thereafter cut up into lots. Large sums of money were expended in laying out streets, grading, paving, flagging, and curbing them, and in installing a water and sewerage system. Several hundred of the lots have been sold to various persons, who have erected buildings thereon, and the plaintiff in this action, who acquires his title from the said Linton, is now the owner of more than 400 of said lots. In November, 1906, the defendants in this action claimed that the deed made by Maria Wyckoff was ineffectual to convey the property therein described, and was utterly void, and that they were still the owners of the said lots or of some interest therein. Thereupon this action was commenced to determine the validity of such claims.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and RICH, JJ.

Wm. E. C. Mayer, for appellant Maria Wyckoff.

Jas. Crooke McLeer, for appellant Abraham Vanderveer Wyckoff.

Henry F. Cochrane, for respondent.

BURR, J. The appellants contend that the deed executed by Maria Wyckoff to Edward F. Linton under the power of sale contained in the will of Henry L. Wyckoff was void because, as Mrs. Wyckoff was the sole surviving trustee of the trust created by said will and also the sole beneficiary thereof, she was incompetent to make such conveyance. Haendle v. Stewart, 84 App. Div. 274, 82 N. Y. Supp. 823; Woodward v. James, 115 N. Y. 346, 22 N. E. 150; Greene v. Greene, 125 N. Y. 506, 26 N. E. 739, 21 Am. St. Rep. 743; Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8; Rogers v. Rogers, 111 N. Y. 228, 18 N. E. 636. This contention is based upon a misapprehension of the character and extent of the trust estate and of the estate in remainder, and also of the scope and purpose of the power of sale.

The will of Henry L. Wyckoff gave to his wife, Maria, the use and income of all his real and personal property to be paid to her by his executors so long as she remained his widow. There was thereby created a valid trust under the statute of uses and trusts in force when this will took effect. 1 Rev. St. (1st Ed.) pt. 2, c. 1, tit. 2, § 55, subd. 3; Putnam v. Lincoln Safe Deposit Co., 191 N. Y. 166, 83 N. E. 789. The testator's son, Abraham Vanderveer Wyckoff, took a vested estate in the remainder, subject to be defeated by his death during the lifetime of his mother. Moore v. Littel, 41 N. Y. 66; Matter of Tomp-

kins, 154 N. Y. 634, 49 N. E. 135; Stringer v. Young, 191 N. Y. 157, 83 N. E. 690. When the testator died his son was then living, and there was an absolute gift to. him as soon as the precedent estate terminated. His death before his mother, leaving issue, was a contingency upon which such remainder might vest in his issue; but it was not an event upon which the vesting in him depended. As said by Judge Gray in the Stringer Case, the contingency (that is, his death within the period named) "was a possible event * * * which should operate to, divest those interests. It was not a gift limited to take effect upon an uncertain event. It was a gift which the uncertain event might chance to defeat."

The case of People's Trust Company v. Flynn, 188 N. Y. 385, 80 N. E. 1098, relied upon by the appellants in support of the contention that this was a contingent and not a vested remainder, was decided, as is true with all other cases involving the construction of wills, upon the facts peculiar to that case. The devise in remainder was, among others, to the issue of testator's daughters, Mary and Regina. At the time of his death his daughters had no issue, and the contingency upon which the vesting of that estate depended was the subsequent birth of such issue. The provision of the statute of uses and trusts (1 Rev. St. [1st Ed.] pt. 2, c. 1, tit. 2, art. 2, § 60) that every express trust valid as such in its creation, except as herein otherwise provided, shall vest the whole estate in the trustee in law and equity, subject only to the execution of the trust, has been construed to mean not every possible interest in the land, but the entire estate necessary to make the trust effective. Crooke v. County of Kings, 97 N. Y. 421; Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8. As Judge Earl says in the Crooke Case (page 446):

"This does not mean that the entire absolute fee shall be vested in the trustee, but simply so much of the estate as is put in trust and as is necessary to feed the trust. The remainder of the estate may remain in the creator of the trust, or may be disposed of by him in some other way or to some other person. The trustee takes a legal estate commensurate with the equitable estate; the legal estate being essential to uphold the trust. It is the whole trust estate that is vested in the trustee. An estate may be so vested subject to remainders and other future estates, and subject to the execution of a power of sale on the part of any person which may terminate the trust."

Again, Judge Andrews says in the Losey Case:

"The will created two distinct legal estates in the devised property, viz., an estate in the trustee for the life of the beneficiary, with the right of possession and to receive the rents and profits during the continuance of the trust, and an estate in remainder, which became vested on the birth of children as before stated. The trustee had no power over the estate in remainder, except such as may have been given him by the will. He could not sell or incumber it, or in any way by his own act alter or affect the interests of the remaindermen, unless authorized by the will. The provision of the statute of uses and trusts, declaring that every valid express trust shall vest the whole estate in the trustees, is by settled construction limited to the trust estate, and has no application to future legal estates in lands covered by the trust, to take effect in possession on the termination of the trust."

In the case at bar both the trust estate and the estate in remainder were subject to a power in the will to grant, sell, convey, mortgage, lease, or exchange the land for the purpose of paying debts and the

legacies hereinbefore specified. As this power was declared to be "full, absolute, and complete," and as there were no legacies, strictly speaking, mentioned in the will, in order to carry out testator's intent this clause may fairly be made to refer to the provision of his will relating to the payment of income to his widow, and to authorize the sale of unimproved and unproductive property, so that the same should become income-producing to the widow after the termination of the precedent life estate, and that the estate in remainder might be relieved, if need be, from loss which might result through carrying property of such character. This power was a general power in trust. 1 Rev. St. (1st Ed.) pt. 2, c. 1, tit. 2, art. 3, § 94.

Although the testator named two executors in his will, he expressly provided that this power might be executed by the survivor of them, if one should die. Whether, if the power of sale had been limited strictly to the purposes of the trust and affected only the trust estate, the widow, who was the beneficiary of the trust, could have executed this power or not, it seems clear that when the power is given for other purposes, and other persons are benefited by the execution of it, the fact that she also may derive a benefit from it will not deprive her of the right to execute the same. Rankine v. Metzger, 69 App. Div. 264, 74 N. Y. Supp. 649. The authority to sell was to sell the entire estate, not only so much as was vested in the trustee and was necessary to "feed the trust," but also the estate in remainder in which the trustee had no interest. As Justice Hatch says in the case last cited:

"The authority was to sell the whole interest. The trustee could no more save out his own share from passing under the execution of the power than he could the interest of any other child, and if he sought to make severance he could not do it, as the interest of each would be equal to his own in the part reserved."

In this case the power to sell was given to the executor as well as the trustee. The payment of debts was primarily the duty of the executor. The deed recites that the grantor is executor as well as trustee, and the covenants in the deed are on her part as executor, and not as trustee. Further than that, as bearing upon the capacity in which this deed was executed by Maria Wyckoff, it is important to observe that as trustee she at the most had only an estate in title and not in possession. The possession was in her deceased husband's mother, who had a life estate therein. Up to the time of the sale she had no active duties as trustee with regard to this land, for the rents and profits thereof, if there had been any, did not come to her, but went to another. It is true that after the sale a fund was in existence, which was a trust fund, of which she was entitled to the income; but this was not the direct result of the sale and conveyance by her, but of the release by the life tenant of her precedent estate in the land. But for this she would not have been entitled to receive any portion either of the principal or income of the proceeds of the sale. The power to sell being, therefore, given to the executor for valid purposes of administration, as well as to the trustee, and the estate conveyed being, not only the estate held by the trustee and which was necessary to "feed the trust," but the estate in remainder over which the trustee, as such, had no power nor au-

thority, the necessity for the sale, or the expediency of the execution of the power, or the application of the proceeds of the sale need not be inquired into by the purchaser at such sale. 1 Rev. St. (1st Ed.) pt. 2, tit. 2, c. 1, art. 2, § 66; Lindo v. Murray, 91 Hun, 335, 36 N. Y. Supp. 231.

It does not appear that at the time of the sale the purchaser knew for what purpose the power to sell was being exercised. In respect to its scope, the power under this will differs essentially from the power conferred in the will under consideration in Haendle v. Stewart, supra, which is principally relied upon by the appellant. In that case the declared purpose of the trust was:

"To collect, receive and pay over the income thereof to my wife, Anna Fredericka, during her natural life, for the support and maintenance of herself and our children, with the right and power to use so much of the principal thereof as my said executors may from time to time deem necessary and proper, in their discretion, for the purposes of said trust."

And the power of sale was in express words limited to the "purposes of the trust," and the decision was expressly put upon the ground that an "attempted execution of the power by the plaintiff, not qualified to execute the trust, was not an execution of the power given to the trustees to be exercised for the purposes of the trust."

The complaint contains sufficient allegations to sustain the action as one to determine claims to real property (Code Civ. Proc. §§ 1638, 1639), and the findings and judgment are in accordance with the statutory requirements respecting the same. Id. § 1645. The fact that the complaint contained other allegations not necessary to such a form of action, and that the prayer for relief is in part inappropriate, does not prevent the court upon the trial from awarding such judgment as the just rights of the parties demand.

The judgment appealed from should be affirmed, with costs. All concur.