HEIFERMAN v. SCHOLDER et al.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. WORDS AND PHRASES—"PRESCRIBED."
     The word "prescribed" has a well-defined meaning. It is "to lay down authoritatively as a guide, direction, or rule; to impose as a peremptory order; to dictate; to point; to direct."
     [Ed. Note.—For other definitions, see Words and Phrases, vol. 6, pp. 5519–5520.]

2. COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—ACTIONS INVOLVING TITLE TO REAL ESTATE.
     Municipal Court Act (Laws 1902, p. 1490, c. 580) § 2, provides that the court cannot take cognizance of any civil actions "where the title to real

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

property comes in question as prescribed in title 4 of this act." Section 179 (page 1544) provides defendant may show facts indicating such title is involved, whereupon, by section 180 (page 1544), defendant is called on to file a bond securing to plaintiff, under subsequent sections, right to sue in the Supreme Court. Section 183 (page 1545) provides, if bond is not given, the court has jurisdiction. Section 184 (page 1545), provides that if it appears, from the plaintiff's own showing, that the title to real property is in question and is disputed by defendant, the court must dismiss the complaint, etc. *Held*, that the court is not without jurisdiction in actions wherein title comes in question, and is only limited under conditions prescribed, and except where defendant shows title is involved and gives a bond protecting plaintiff, and the case provided for by section 184, the court has jurisdiction in minor matters; and, as none of the facts appear to limit its jurisdiction in a case wherein plaintiff claimed damages for breach of a contract, because defendants were not prepared to deliver a merchantable title to real estate sold to him by defendants, who disputed his claim, it was error to dismiss the complaint under section 184.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

3. PROPERTY (§ 7*)—"TITLE TO REAL ESTATE" DEFINED.
    "Title to real estate" is generally defined to be "the means whereby the owner of lands has the just possession of his property."

[Ed. Note.—For other cases, see Property, Dec. Dig. § 7.*
    For other definitions, see Words and Phrases, vol. 8, pp. 6979–6982; vol. 8, p. 7816.]

4. COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—ACTIONS INVOLVING TITLE TO REAL ESTATE.
    Title to real property does not come in question, within the Municipal Court act, unless it be affected by the judgment; and no judgment rendered in an action for damages for breach of contract to sell, because vendors were not prepared to deliver a merchantable title, would involve defendants' title.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

5. VENDOR AND PURCHASER (§ 130*)—BREACH OF CONTRACT BY VENDORS AS TO TITLE.
    It is not essential to a cause of action for breach of contract by vendors that the title offered should be absolutely bad; but the purchaser is entitled to relief, unless they were able to give him a marketable title free from reasonable doubt.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245, 246; Dec. Dig. § 130.*]

6. EXECUTORS AND ADMINISTRATORS (§ 126*)—SALE OF REAL ESTATE—POWER OF ONLY EXECUTOR TO QUALIFY.
    Power to sell and dispose of a testator's real estate being given by his will to the executors, or their survivor or survivors, the power of sale vested in the only one to qualify, and her conveyance under such authority was effectual.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 525; Dec. Dig. § 126.*]

    Burr, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Frank Heiferman against Max Scholder and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Samuel A. Potter, for appellant.
Joseph Wilkenfeld, for respondents.

WOODWARD, J.   The plaintiff brings this action to recover $150 deposited on entering into a contract with the defendants for the purchase of certain real estate in the borough of Brooklyn, together with $100 for expenses in examining title, and $300 for other damages; the latter claim having been dropped from consideration at the trial. The parties have agreed that on the 21st day of September, 1908, a written contract was entered into between them for the purchase and sale of the premises, No. 537 Van Siclen avenue, Brooklyn; that the time for closing title, after several adjournments, was fixed for October 17, 1908; that the defendants were willing to give title at that time, and that the plaintiff was at all times ready and willing to carry out the contract on his part, but that the latter objected and refused to take title to said premises on the ground of certain defects in said title; that the defect or defects in said title urged by the plaintiff are as stated in paragraph 7 of the complaint, to the effect that the defendants were unable to deliver a good title because of the fact that they derived title to the premises from a conveyance by one Elsie A. Van Siclen, as executrix and trustee under the will of Jacob T. Van Siclen, deceased; that the said will made the said Elsie A. Van Siclen executrix, and Albert W. Van Siclen and William Schenck Van Siclen executors and trustees; that the said Elsie A. Van Siclen became the beneficiary during her lifetime, or until her remarriage, with a remainder over to the only child of the testator; that the said Elsie A. Van Siclen qualified as executrix and trustee, but that the two others did not qualify, but renounced, no others being substituted; that the said Elsie A. Van Siclen, as sole acting executrix and trustee as aforesaid, and under the power of sale given to the executors and trustees under the will, conveyed to one of the defendants' grantors, without securing the consent of the Supreme Court, and without the concurrence of substituted trustees; and that defendants refused to cure the defect when their attention was called thereto.

The parties admit the formal matters, such as the chain of title, the original ownership, the will of such owner, the survival of the parties who were to be beneficiaries under the will, etc.; and the only question, on the merits, was whether the conveyance by Elsie A. Van Siclen, as executrix and trustee, without the concurrence of the two remaining executors named in the will, or a substitution for them, operated to give a merchantable title to the defendants' predecessor in title.   At the close of the plaintiff's case, no evidence having been produced, except as to the services rendered in connection with the search of title, defendants moved to dismiss the complaint on the ground that the plaintiff had failed to show that the title was unmarketable, and on the further ground that:

"It now appears that a question of title was involved, and that this court has no jurisdiction to determine such questions."

The learned court reserved decision, and subsequently gave judgment for the defendant, dismissing the complaint, with costs, on the

theory, as indicated by an opinion handed down, that the case was one governed by section 184 of the Municipal Court act (Laws 1902, p. 1545, c. 580). The plaintiff appeals from this judgment.

It is not claimed that the defendants acted under the provisions of section 179 of the Municipal Court act. No question of the jurisdiction of the court was raised until at the close of the trial. Section 2 of the act in question provides that the Municipal Court cannot take cognizance of any civil actions "where the title to real property comes in question as prescribed in title 4 of this act." The word "prescribed" has a well-defined meaning. It is:

"To lay down authoritatively as a guide, direction, or rule; to impose as a peremptory order; to dictate; to point; to direct." 22 Am. & Eng. Ency. of Law, 1179.

Section 179 (title 4) of the act provides that the defendant may answer and show facts indicating that the title to real estate is involved, whereupon, by the provisions of section 180, the defendant is called upon to file a bond, which secures to the plaintiff, under subsequent sections, the right to bring his action in the Supreme Court. Then section 183 steps in and provides that, if this bond is not given to the court, "it has jurisdiction of the action, and must proceed therein, and the defendant is precluded in his defense from drawing the title in question." It thus appears that the court is not without jurisdiction in such actions. It is only limited under the conditions prescribed, and the defendants here are not questioning the title in any way.

But section 184 makes a further provision, that if "it appears upon the trial, from the plaintiff's own showing, that the title to real property is in question, and the title is disputed by the defendant, the court must dismiss the complaint, with costs, and render judgment against the plaintiff accordingly." It is a fundamental rule of construction that all words of a statute are to be considered and given effect, within reason, and when the statute limits jurisdiction to matters "as prescribed" elsewhere, and we find words at the point mentioned which have a well-defined meaning, we are not free to pass them over. It is only where "the title is disputed by the defendant" that section 184 of the Municipal Court act has any bearing, and the whole purpose of the act appears to be to protect the defendant from being compelled to litigate his title in a court of limited jurisdiction at the behest of a plaintiff. Except in the cases where the defendant shows that the title is involved, and he gives a bond protecting the plaintiff, and the case provided for by section 184, the Municipal Court, aside from equitable jurisdiction, has jurisdiction in minor matters; and, none of the facts appearing to limit the jurisdiction of the court, it was error to dismiss the complaint under the provisions of section 184 of the Municipal Court act.

The defendants do not dispute the title to real estate. They do not bring it into question at all. They dispute the plaintiff's claim for damages, not the title to real property. It is only when upon the plaintiff's own showing the title to real property is in question, "and the title is disputed by the defendant," that there is any right in the court to give judgment dismissing the complaint, and that condition is not

found here. It is true the plaintiff asserts that the defendants were not prepared to deliver a merchantable title to the real estate in question; but that does not bring the case within the exclusion of the statute. The question of whether the defendants were able to give a marketable title on a particular date does not make the title to real property come in question. It does not involve the defendants' title. Title to real estate is generally defined to be "the means whereby the owner of lands has the just possession of his property" (28 Am. & Eng. Ency. of Law, 232, and authorities cited in notes), and it is only where this just right of possession is to be disturbed by the judgment that there is any limitation on the jurisdiction of the court. The title to real property does not come in question, in contemplation of the provisions of the Municipal Court act, unless it is to be affected by the judgment—unless the rights of the owner are disturbed by the adjudication.

No judgment rendered by the court in this action would involve the defendant's rights as the owner of the real estate. It would not in any wise interfere with "the means whereby the owner of lands has the just possession of his property," and it is only in such a case that the title is in question. The mere fact that the court was called upon to determine whether the defendant offered a merchantable title on a given date, as an incident in the decision of the present controversy, has no bearing upon the defendant's right of possession in the premises. It does not bring his title in question, within the meaning of the provisions limiting the jurisdiction of the Municipal Court. That court has jurisdiction of an action to recover damages for a breach of contract where the amount involved is no larger than is here demanded, and because it is called upon to determine whether the defendant offered a merchantable title on the 17th day of October, 1908, has no more to do with his title to real estate than would be the case if it was necessary to determine that John Smith owned some other piece of real property at that time. It is merely one fact in a chain of facts determining the right of the plaintiff to the damages which he seeks to recover, and is not within the reason of the rule limiting the jurisdiction of the Municipal Court.

It is not essential to the plaintiff's cause of action that the title offered should be absolutely bad. He is entitled to relief unless the defendants were able to give him a marketable title, which is a title free from reasonable doubt. Lahey v. Kortright, 132 N. Y. 450, 455, 30 N. E. 989, and authorities there cited. While the question is, perhaps, a close one, depending upon whether Mrs. Van Siclen acted in her capacity of sole surviving executor or as a sole surviving trustee, she being the only beneficiary, we are of the opinion that, under the rule recognized and asserted in the case of Doscher v. Wyckoff, 132 App. Div. 139, 116 N. Y. Supp. 389, the conveyance made by Elsie A. Van Siclen, as executrix and trustee, operated to give a good title and to fulfill their contract. The power was given to the executors of the will of Jacob T. Van Siclen—

"to sell and dispose of any real estate of which I may die seised, at such times as they may deem for the best interest of my estate, at either private or public sale, * * * hereby giving and granting unto my said executors, their survivor or survivors, successor or successors, all such power and au-

thority as shall be necessary to carry out the provisions and requirements herein contained and also full power and authority to execute, acknowledge and deliver all proper deeds and other instruments in writing, in the law, and under seal, which may be necessary for the conveyance of my real estate ·or any part thereof," etc.

This power being given to the executors, their survivor or survivors, .and Mrs. Van Siclen being the only executor to qualify, the power of sale became vested in her, and her conveyance, under the authority above cited, was effectual.  See Taylor v. Morris, 1 N. Y. 341.

As the learned Municipal Court did not pass upon the merits of the case, it is necessary for a new trial, unless the parties should elect to settle.

The judgment appealed·from should be reversed, and a new trial ·ordered; costs to abide the event.

RICH and MILLER, JJ., concur.  HIRSCHBERG, P. J., concurs in result.

BURR, J.  I dissent.  Under the decision handed down by us in Doscher v. Wyckoff, 132 App. Div. 139, 116 N. Y. Supp. 389, the title under the Van Siclen will was perfectly good.  As we tried to point ·out in that case, the power of sale was given,·not as in Haendle v.: Stewart, 84 App. Div. 274, 82 N. Y. Supp. 823, to the trustee solely for the purposes of the trust, but to the executor generally for any of the purposes of the will.  The beneficiary of the trust was not the only person whose estate was conveyed by the execution of the power, and she was not the only person who was affected by such exercise.  The condition is the same here.  I think that the construction of the Municipal Court act suggested in the opinion of Mr. Justice WOODWARD is too narrow.  It certainly appeared upon the trial that the question cf title was involved in this case.  Municipal Court Act, § 184.  Plaintiff's complaint shows it, and all of the proof is directed to the same point. The question at issue is:  Who was in default for the failure to complete the contract of sale?  Was it the plaintiff, for refusing to accept a good title, or the defendant, for inability to convey good title?

There is a clear distinction between a case where the title is either entirely good or entirely bad, and a case where the title is good, but the possession under it is affected by some alleged encroachment. Elinsky v. Berger, 87 App. Div. 584, 84 N. Y. Supp. 483.  Within the meaning of section 184 of the act, the title "was disputed by the defendant."  This clearly means that the plaintiff's contention as to the validity of the title, which is the foundation of the cause of action, is disputed by the defendant.  To hold otherwise would be to hold that if a plaintiff asserted the title to be good, and defendant denied it, the court would be ousted of jurisdiction; but if a plaintiff asserted the title to be bad, and defendant denied it, the latter would have no relief, but could be compelled to litigate the question there.  The policy of the law is to deprive the Municipal Court of jurisdiction to determine actions where the cause of action involves the determination of a question of title.  Municipal Court Act, § 2.  Under the construction suggested by Mr. Justice WOODWARD, if the vendee in a contract of sale, as

plaintiff, asserts that the title is bad, and he is entitled to damages for a breach of the contract, the Municipal Court would have jurisdiction to try the question. If, on the other hand, the vendee in such a contract of sale asserts that the title is good, and seeks damages from the vendor for his failure to complete, the vendor, by disputing the assertion that the title was good, could oust the court of jurisdiction.

No reason can be suggested why a different rule should be applied to a vendor and a vendee with regard to the right to maintain an action in the Municipal Court. Under circumstances such as here disclosed, the defendant could have no relief under section 179 of the Municipal·Court act. That only applies to a case where it does not appear from plaintiff's own showing that a question of title was involved, but defendant asserts, notwithstanding, that such question is in the case. The defendant may be wrong in claiming that a question of title is involved, and the court is given no jurisdiction to·determine the validity of his claim. Consequently, to prevent doing plaintiff an injustice, the same act provides that where, although the plaintiff does not show that such is the case, the defendant claims that a question of title is involved, the defendant must give a bond to give a written admission of summons and complaint in the Supreme Court. In that case, if defendant's contention was wrong, and the question of title was not involved, the plaintiff is not compelled to run the risk of inability to serve the defendant a second time in order to maintain his suit. If, on the other hand, the defendant was right, the question of title can be litigated in a court of competent jurisdiction.

In any event, the judgment must be affirmed—if the court had no jurisdiction, on that ground; if it had jurisdiction, upon the ground that the title was good, and the plaintiff was\in default for not completing his contract.