By the Court.
This is plainly an action at common law, in which the allowance of costs does not rest at all in the discretion of the court. Under sections 304 and 305 of the Code, either the plaintiff, or the defendant, must be entitled to full costs, and, unless the question of title was involved, they must be given to the defendant.
It is not necessary to affirm, that in an action like the present, *626 the question of title, in the proper sense of the term, may not arise, so as to entitle the plaintiff to full costs, even where he recovers only nominal damages. It is sufficient to say, that we are satisfied that the question did not arise, in this case, upon the pleadings, or upon the evidence. The controversy turned wholly upon the question, whether an inchoate right of dower in the defendant’s wife was a subsisting encumbrance, which was necessary to be removed by a release to enable the defendant to perform his covenant; and this was not a question of title, but of the legal construction of the agreement. It is admitted by the pleadings, that the defendant was the owner in fee of the house and lot, which he agreed to convey. The title of an owner is certainly not divested by an outstanding encumbrance, and, according to the decisions, the question of title is, in all cases, a question of ownership.
We entirely agree with the counsel for the plaintiff that an action like the present is no more fit to be tried by a justice of the peace than a suit in equity to enforce the specific performance of a contract; but looking at the issues made by the pleadings, we cannot say, that under the terms of the Code, as formerly under those of the R. S., this action might not have been tried by a justice, had the damages claimed not exceeded the limits of his jurisdiction.
The order appealed from is affirmed, but without costs.