HENRY T. TREVETT et al., Respondents, *v.* WESLEY BARNES et al., Appellants.

Where in an action to recover damages for injuries to real estate, plaintiff's title is put in issue, but defendant makes no claim to any title, simply asserting it exists in a third party with whom he is not in privity, the action does not affect "the title to real property or an interest therein" within the meaning of the provision of the Code of Civil Procedure (sub. 3, § 191), prohibiting an appeal to this court where the matter in controversy is less than $500, except in an action affecting title, etc.

Where, therefore, the judgment in such case is less than $500 it is not reviewable here.

(Argued June 28, 1888; decided October 2, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made June 17, 1884, which affirmed a judgment entered upon a verdict in favor of plaintiffs.

The nature of the action and the material facts are set forth in the opinion.

*Edgar T. Brackett* for appellants. The plaintiffs utterly failed to show title either to the dam or artificial ditch or race-way in question, or possession thereof, or any easement therein or thereto. (*Hudson* v. *Swan*, 83 N. Y. 552; *Ferris* v. *Brown*, 3 Barb. 105, 109, 110; *Hawkins* v. *Wallis*, 2 Wils. 173; *Miller* v. *L. I. R. R. Co.*, 71 N. Y. 381, 386; *Smith* v. *Felt*, 50 Barb. 612; *Kelly* v. *N. Y. & Man. R. R. Co.*, 19 Hun, 363; Washb. on Ease. [3d ed.] 15; *Child* v. *Chappel*, 5 Seld. 246; *Roe* v. *Strong*, 28 Week. Dig. 181; *Peck* v. *Nichols*, 18 id. 268; *Nellis* v. *Munson*, 24 Hun, 575; *Powell* v. *Bragg*, 8 Gray, 441, 444; *Fentiman* v. *Smith*, 4 East, 107.) Plaintiffs never derived any title to the easement from any owner of it, by any conveyance thereof by deed, and hence they had none, for a grant is necessary to convey it. (*Pitkin* v. *L. I. R. R. Co.*, 2 Barb. Ch. 221, 231; *Fentiman* v. *Smith*, 4 East, 107, 109; *Wolfe* v. *Frost*. 4 Sandf. Ch. 72; *Babcock* v. *Utter*, 1 Abb. Ct. App. Dec. 27, 47; *Wiseman* v. *Lucksinger*, 84 N. Y. 31; Goddard on Ease. [Ben. ed.] 88; *Cronkhite* v. *Cronkhite*, 94 N. Y. 323, 328.) Neither did the plaintiffs ever acquire any title to this easement by prescription. (Old Code, § 86; Code of Civ. Pro. § 373; *Whiting* v. *Edmunds*, 94 N. Y. 309, 314; *Rector, etc.*, v. *Mack*, 93 id. 488; *Murphy* v. *Welch*, 128 Mass. 489; *Wilklow* v. *Lane*, 37 Barb. 244; Washb. on Ease. [3d ed.] 148, 157; Goddard on Ease. [Ben. ed.] 133, 134, 177; Angell on Water-courses, § 499; *Pollard* v. *Barnes*, 2 Cush. 191.) The plaintiffs, having neither title to nor possession of the Sleezer farm on which the dam was located, can maintain no action against the defendants to recover damages for destroying it. (*Miller* v. *L. I. R. R. Co.*, 71 N. Y. 380; *Munson* v. *Hungerford*, 6 Barb. 265; *Peck* v. *Nichols*, 18 Week. Dig. 268; *Townsend* v. *Bissell*, 5 T. & C. 583; *Ottawa Gas-Light Co.* v. *Thompson*, 39 Ill. 598; *Smith* v. *Babcock*, 36 N. Y. 167, 170.)

*J. S. L'Amoreaux* for respondents. The plaintiffs proved actual title to and possession of the mill site and dam in question. (*Miller* v. *L. I. R. R. Co.*, 71 N. Y. 383.) Plaintiffs possession alone, as against the defendants who committed the injury without color of right, was sufficient to authorize the recovery in this action. (*Jackson* v. *Hazen*, 2 Johns. 23; *Graham* v. *Peat*, 1 East, 244; *Rood* v. *N. Y. & E. R. R. Co.*, 18 Barb. 84; *Jackson* v. *Harder*, 4 Johns. 211; *Dorning* v. *Miller*, 33 Barb. 389; *Kellogg* v. *Vollentine*, 21 How. 231; *Parmalee* v. *O. & S. R. R. Co.*, 7 Barb. 621; *Palmer* v. *Aldridge*, 16 id 134; *Harker* v. *Birbeck*, 3 Burr. 1563; *Lambert* v. *Stroother*, Wills' Rep. 221.) As to the defendants, the plaintiffs had the right of possession, as well as the actual possession, even if their holding was adverse to the true title. (*Jackson* v. *Duncan*, 4 Johns. 202; *Jackson* v. *Hazen*, 2 id. 22.) The user ripened into a right, and from it a grant may reasonably be presumed, if a grant did not, in fact, exist. (*Garrett* v. *Jackson*, 20 Penn. St. 331; 42 id. 102, 113, 114; *Hammond* v. *Zehner*, 21 N. Y. 118; Wash. Ease. and Servi. 14–27, 102, 109, 129, 133, 136; *Miller* v. *Garlock*, 8 Barb. 103.)

PECKHAM, J. The plaintiffs brought their action to recover damages sustained by them, as alleged in their complaint, by reason of injuries inflicted by defendants upon a certain dam, which they alleged, in one count of their complaint, they were owners of in fee, and in another they alleged that they had the right to use the water in Hans creek, and that the defendants negligently and unnecessarily flooded the stream and washed out and destroyed the plaintiffs' dam, etc. The defendants took issue in their answer upon the question of ownership of the dam and the right to use the waters of the creek, and denied any negligence and pleaded a license from the riparian owners to float logs down the stream, and that they used ordinary care. They set up no title in themselves to any real estate or interest therein.

Upon the trial plaintiffs gave evidence upon the question of their title to the dam, but the defendants claim that they

failed to show any title, and they say, on the contrary, that they (defendants) showed title in a third party, with whom, however, they did not connect themselves. The verdict was for $400 damages, and judgment was entered for that sum, with costs, and it having been affirmed upon defendants' appeal, by the General Term, defendants have appealed here.

The appeal must be dismissed for lack of jurisdiction in this court to hear the same. By subdivision 3 of section 191 of the Code, an appeal involving less than $500, exclusive of costs, cannot be taken to this court, " except in an action or special proceeding affecting the title to real property, or an interest therein," unless upon conditions not complied with herein. It is not enough that the action relates to real property or in some way affects it, it must itself affect the title or some interest therein. (*Nichols* v. *Voorhis*, 74 N. Y. 28; *Scully* v. *Sanders*, 77 id. 598.) This judgment does neither. As the defendants claimed no title themselves, there was no dispute upon that point, and the judgment affects no title in that regard. They claimed that, as between the plaintiffs and some third party, the title was in the latter; but they claimed and proved no privity with such party. The judgment is no evidence of title in the plaintiffs as against such third party, and does not affect it as to him. That it may conclude the defendants upon the question of the title being in the plaintiffs is no answer, for within the meaning of the Code upon this subject, the judgment cannot be said to affect the title to real estate in such an action as this where the defendants make no claim to any title, and simply assert it exists in a third party with whom they are not in privity, for in such case the title remains wholly unaffected by the judgment.

For these reasons the appeal from the judgment should be dismissed, with costs.

All concur.

Appeal dismissed.