80 175
21ap632

EFFIE B. OLIVER, Respondent, *v.* MARGARET R. FRENCH and Others, Respondents; CHARLES A. KENWORTHY and Another, Appellants.

*Party in default — cannot appeal — remedy.*

Under the provisions of section 1294 of the Code of Civil Procedure, a person against whom a judgment was rendered by default cannot appeal from the same. The only remedy for a person in default, who is aggrieved by a judgment or order entered against him, is to apply to the court and obtain an order opening the default and then take issue upon the law or facts, and upon such issue obtain a determination in the trial court, from the decision of which an appeal can be taken.

APPEAL by the defendants Charles A. Kenworthy and another from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of Columbia on the 26th day of April, 1893, upon the decision of the court rendered after a trial at the Columbia Circuit before the court without a jury, with notice of an intention to bring up for review on such appeal said judgment.

*J. Rider Cady*, for the appellants.

*A. Frank B. Chace*, for the respondent.

MAYHAM, P. J.:

This case on appeal contains none of the evidence, and there are no exceptions to the findings of fact or conclusions of law of the learned trial justice on the trial, and the appellants now seek to reverse the judgment solely upon the alleged ground that the conclusions of law of the learned trial judge are not supported by the facts found by him.

The appeal is by Charles A. Kenworthy and Emma J. Kenworthy, individually and as executrix and trustee under the will of Charles W. Kenworthy, deceased.

The judgment in this case as to Emma J. Kenworthy, both as an individual and in her representative capacity, was entered by default, she not having appeared or answered in the action.

We do not see how she can question this judgment taken against her by default. The right of a party to appeal is provided for in section 1294 of the Code of Civil Procedure. That section provides as follows: " A party aggrieved may appeal in a case prescribed in this chapter, except where the judgment or order of which he complains was rendered or made upon his default."

This exception by clear implication deprives a party in default from an appeal. The only remedy left for a ·party in default, who is aggrieved by a judgment or order, is to open the default and thus take issue upon the law or facts, and upon such issue have a determination in the trial court where an appeal from such determination can be taken.

The right of a party to be heard on an appeal, in cases where an appeal is not given by statute, was determined in *Trevett et al.* v. *Barnes et al.* (110 N. Y. 503). There a party sought to be heard on an appeal in the Court of Appeals, where the amount in con-

troversy was less than $500, when the action was one not affecting the title to real property, or an interest therein, and that court held that the appeal must be dismissed under the provisions of sub-division 3 of section 191 of the Code of Civil Procedure, which contains exceptions to the general jurisdiction of that court, that case coming within one of those exceptions.

It would seem, therefore, that this court is entirely without jurisdiction to hear and consider this appeal of Emma J. Kenworthy. (*Avery* v. *Woodin*, 44 Hun, 266; *Flake* v. *Van Wagenen*, 54 N. Y. 25.)

It is also insisted by the respondents that the same is true as to the appellant Charles A. Kenworthy, no answer or demurrer having been made as to him, and, although an infant at the time of the foreclosure and sale under the mortgage sought to be set aside, he was of full age at the time of the commencement of this action, and cannot be heard on appeal from a judgment taken against him by default. In this respect we see no reason for any distinction between his right to appeal and that of Emma J. Kenworthy, the other appellant, and think the disposition of the appeal as to her must follow in his case.

It is also objected by the learned counsel for the respondents that there is no question in this case, as made and presented, which this court can consider on the appeal in behalf of the defendants Emma J. and Charles A. Kenworthy, as no exceptions were taken by them to any of the findings of fact or conclusions of law of the learned trial court, and that, within the rules of law and practice, nothing is presented to this court for its determination.

Sections 992, 993, 994 and 998 of the Code of Civil Procedure provide for the manner of raising questions of law upon the findings or refusals of the judge to find, on questions of fact or upon his conclusions of law, where exceptions are taken.

Section 996 provides that: "A ruling to which an exception is taken as prescribed in the last four sections, can be reviewed only upon an appeal from the judgment rendered after the trial," etc.

The appellants, as we have seen, having suffered judgment to pass against them by default, are, as we think, in no condition to review the judgment on appeal; and no case or exceptions being before this

court, it has no power to review the facts or law so ably discussed by counsel for the appellants, and examination of the same upon the merits is unnecessary.

Judgment affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.