OLIVER v. FRENCH et al.

FRENCH v. OLIVER.

(Supreme Court, Appellate Division, Third Department.   October 2, 1896.)

JUDGMENT—CORRECTION—TIME OF MOTION.
    Where an order denying a motion to correct a judgment, made within one year after entry of the judgment, as required by Code Civ. Proc. § 724, was affirmed on appeal after the expiration of the year, with leave to renew, the renewed motion cannot be denied on the ground that it was not made within the year.

Appeal from special term, Columbia county.

Action by Effie B. Oliver against Margaret R. French, as administratrix of John W. French, deceased, and others, to have a sale of mortgaged real estate made under a judgment of foreclosure in the action by Margaret R. French, substituted as plaintiff in place of John W. French, deceased, against Effie B. Oliver and others, set aside, with the referee's deed on such sale, and for a resale under the judgment of foreclosure.   Judgment was entered in favor of plaintiff on April 26, 1893.   Plaintiff moved on March 26, 1894, to

conform the judgment to the findings and decision. The motion was denied on March 31, 1894, and the order of dismissal was affirmed in December, 1894, with leave to renew the motion. The motion was renewed in March, 1895. It was again denied, and plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

John H. Chadsey, for appellant.
A. Frank B. Chace, for respondent.

LANDON, J. We overrule the objection that the motion was not made within one year from the entry of the judgment. It was first made within the year, and denied; and upon appeal to the general term the order was affirmed, because the irregularities complained of were not sufficiently specified, but without prejudice to the renewal of the motion. 30 N. Y. Supp. 52. Then the motion was renewed, upon additional papers, after the year had expired. While this is not technically the original motion, it is substantially so, as amended pursuant to leave granted by the general term.

The learned trial judge, by his findings and decision, held that the plaintiff was bound by the Bain mortgages and the judgment of foreclosure thereon, but in no other respect. The plaintiff's interest is also subject to the life estate therein of her mother. The decision of the trial court, in effect, holds that such life estate is not subject to any trust in favor of the plaintiff, since the decision further holds that, as French went into possession thereof under the life tenant, French's administrators need not account to the latter for the income thereof since such entry; that is, plaintiff's mother, having the life estate, could dispose of it for her life. If in this respect the trial judge erred, the remedy is not upon this motion, since the motion proceeds upon the assumption that the decision was right. The decision directs a resale of the premises under the valid foreclosure judgment, and, from the avails of the sale, directs the payment to the administrators of French of the two Bain mortgages, with interest thereon, without mentioning to what date, and the costs. The judgment entered directs that such interest be computed to the date of sale. Except in this respect, and the amount of the surplus money thus affected, the judgment entered upon the decision conforms to it, so far as the plaintiff is concerned. The plaintiff's mother, the life tenant, does not complain of the judgment as entered; and we therefore need not inquire whether, as to her, it is broader than the decision, unless we find that thereby the plaintiff is prejudiced.

The material question, then, is whether the judgment as entered follows the decision and the findings in respect to the date to which the plaintiff's remainder in the real estate is chargeable with interest upon the Bain judgments. From the facts found by the learned trial judge, it appears that French, the owner of the Bain mortgages, went into possession of the real estate May 19, 1886. As against this plaintiff, he was mortgagee in possession of her mother's life estate. It is found that the annual value of the mortgaged real estate was $600. Clearly, the interest upon the Bain

mortgages should be paid from this income during the life estate.. The plaintiff's mother joined in the mortgages, and the will does not exempt the life tenant from liability for the interest upon them. Moseley v. Marshall, 22 N. Y. 200. The judgment should have been entered in conformity with the facts found in this respect. We therefore reverse the order appealed from, with costs, and direct that the judgment be corrected by providing that the interest upon the Bain mortgages shall be computed to May 19, 1886, and that the direction therein that same be computed to day of sale be stricken therefrom.

The order in French v. Oliver (argued herewith) is affirmed, with costs. The order in Oliver v. French indicates the rights of the parties, and under the decision of the trial court no part of the income of the life tenant is applicable to the payment of the Bain mortgages. All concur.