HEIMBINDER v. SULLIVAN.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—TITLE—PLEADING.

Under Municipal Court Act (Laws 1902, p. 1544, c. 580) § 173 authorizing a defendant to allege in his answer facts showing that title to real estate is in question, so as to defeat jurisdiction of that court, an answer in a suit by a vendee to recover payments made to the vendor, alleging that plaintiff refused to accept the deed tendered, claiming that the defendant did not have a good and marketable title and could not give a deed of the same, that he could not convey under the contract, and that there were violations of the tenement house department on file against the premises, is not sufficient to show unequivocally that title was in dispute as a question of incumbrance, and does not raise a question of title.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Rosie Heimbinder against Daniel Sullivan to recover payments made under a contract for the sale of land. From an order dismissing the cause, and from an order denying a motion to vacate the order, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR and MILLER, JJ.

H. Cook, for appellant.

Clarence B. Campbell, for respondent.

GAYNOR, J. This is an action to recover back the amount paid by the vendee to the vendor on a contract of sale of real estate. The defendant filed an answer professing to state facts showing that the title to real estate will come in question, as permitted by section 179 of the Municipal Court act (Laws 1902, p. 1544, c. 580), so as to oust that court of jurisdiction; whereupon an order of discontinuance was entered. The plaintiff moved to have this order vacated and the cause restored to the calendar, which was denied, and an appeal is taken from both orders.

The answer does not state facts showing unequivocally that title to real estate will come in question, as it had to do to be of any effect. It states that the plaintiff refused to accept the deed of conveyance tendered by the defendant under the contract, "claiming that the defendant did not have a good and marketable title to said premises and could not give a deed of the same; that he could not convey under the terms of the contract and that there were violations of the tenement house department on file against the said premises." It does not appear unequivocally from this that the dispute was about the title, i. e., the ownership of the land, but rather about a question of encumbrance, which is not a dispute about the title. Smith v. Riggs, 2 Duer, 622; Collins v. Adams, 15 Civ. Proc. R. 384, 4 N. Y. Supp. 217. The defendant may have the title, and yet may not be able to convey what is called a "good and marketable title," or "under the terms of the contract," but only because of some encumbrance, and the question of an encumbrance is not a question of title.

The orders should be reversed and the case tried.

Orders of the Municipal Court reversed, and the case directed to be tried; costs to abide the event. All concur.