PHELPS v. MALLORY.

(Supreme Court, Appellate Term. May 18, 1911.)

COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—TITLE TO REALTY.

　　In an action for rent in the Municipal Court, an answer claiming that a person other than plaintiff is the owner of the demised premises, and that the defendant had, before the rent became due, been evicted by the owner, who had a title paramount to that of plaintiff, did not put in issue the title to the realty, within Municipal Court Act (Laws 1902, c. 580) § 179, authorizing the defendant to set forth in his answer facts showing that the title to realty will come in question, and section 180, requiring the defendant in such case to give bond to give a written admission of service of summons and complaint in a new action by the plaintiff.

　　[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles D. Phelps against Edward F. Mallory. From a judgment discontinuing the action, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Edward H. Lockwood, for appellant.
Warren A. Schenck, for respondent.

PER CURIAM. The plaintiff sued for the rent of certain premises, which· he averred in the complaint that he had leased to defendant. The defendant answered, by claiming that a person other· than the plaintiff was the owner of the demised premises, and that the defend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant had, prior to the time the alleged rent became due, been evicted from said premises by said owner, who had a title to the premises paramount to that of the plaintiff.

The defendant, claiming that by his answer he had put in issue the title to land, within the provisions of section 179 of the Municipal Court act (Laws 1902, c. 580), filed a bond under the provisions of section 180 of said act and procured a judgment discontinuing the action. The pleading did not put in issue the title to real property in the sense contemplated by section 179, supra. The alleged owner is not a party to this action, and a judgment herein in favor of either party can in no way affect the rights of such alleged owner. Heiferman v. Scholder, 134 App. Div. 579, 119 N. Y. Supp. 520; Trevett v. Barnes, 110 N. Y. 500, 18 N. E. 257.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

Argued before SEABURY, GUY, and BIJUR, JJ.