and their actual market value. Ettlinger v. Weil, 184 N. Y. 179, 77 N. E. 31. Where, however, damages representing the difference of market value are claimed, it is obvious that at the time the action is brought the plaintiff must still be entitled to enforce his contract. He cannot himself abandon the contract and fail to pay the installments entitling him to the conveyance, and yet claim that he has been damaged to the extent of the difference in the value of the land as represented and as existing. Until he shows that he has a right to enforce the contract, this difference is not the measure of his damages. If he is no longer entitled to his bargain, then the value of his bargain is immaterial, and his damages are limited to the consideration paid.

In this case the consideration paid is concededly less than $500. The complaint itself shows that the sum of $480 was not paid at the time of the making of the contract, but that the plaintiff paid only $20 and surrendered to the defendant for cancellation a prior contract for the same lots made to one Koch, on which it was represented that Koch had paid $460. The contract was bought by the plaintiff from Koch, not for cash, but in exchange for a dog of unknown pedigree and unproven value, though the complaint alleges its value at $100. Upon the theory of a disaffirmance or rescission of the contract the plaintiff could not recover, therefore, more than the sum of $90, plus, perhaps, the value of the dog, and it is not disputed that the case was not tried and the judgment cannot be sustained on this theory of the measure of damages.

The trial justice undoubtedly adopted as the measure of damages the difference between the market value of the lots and their value if they had been as represented. The plaintiff is, however, not entitled to any conveyance of the lots. She has not paid the agreed amount upon the contract, and has failed to pay any sum since the discovery of the alleged misrepresentation. The difference in value is therefore not the measure of her damages.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

---

### TITLE INS. CO. OF NEW YORK v. HAWES.

(Supreme Court, Appellate Term. May 12, 1912.)

1. PLEADING (§ 409*)—DEMURRER—FAILURE TO DEMUR.
   An objection that an affirmative defense is bad in law may be taken at the trial, and is not waived by failure to demur.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1375–1383, 1386; Dec. Dig. § 409.*]

2. LIBEL AND SLANDER (§ 130*)—SLANDER OF TITLE—ELEMENTS.
   A slander of title to the owner alone does not give rise to a cause of action.

   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 386; Dec. Dig. § 130.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. COURTS (§ 189*)—MUNICIPAL COURT—COUNTERCLAIM—SAME CONTRACT OR TRANSACTION.

In an action in the Municipal Court for services in examining defendant's title to land, a cause of action for slander of title in connection with such examination cannot be set up, either as a counterclaim or an affirmative defense, since, under Municipal Court Act (Laws 1902, c. 580) § 1, subd. 14, that court has no jurisdiction of actions for slander, and such defense does not show that plaintiff did not perform its contract, but constitutes an independent claim for damages, not arising out of the same contract or transaction as that set up in the complaint, so as to be a proper counterclaim under section 151.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

4. EVIDENCE (§ 459*)—PAROL TO VARY WRITING.

Where a husband executed a contract as "attorney" for his wife, and his authority to execute it for her is the issue, he cannot testify that he signed it as "attorney in law."

[Ed. Note.—For other cases, see Evidence, §§ 1722, 1906–1910, 2109–2114; Dec. Dig. § 459.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Title Insurance Company of New York against Gertrude D. Hawes. From a judgment on a verdict for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Henry M. Bellinger, Jr., of New York City, for appellant
Gilbert Ray Hawes, of New York City, for respondent.

GERARD, J. The action is brought to recover $77.50 for services rendered to defendant in examining and searching her title to certain real property. The complaint sets out one cause of action in two counts—one on quantum meruit, the other on a special contract signed with defendant's name by her husband and attorney. The answer denies that defendant's husband had authority to bind her, and sets up a cause of action for slander of defendant's title to this particular real property by the plaintiff, and demands $1,000, as damages therefor. The court struck out this counterclaim, but permitted the facts to stand as an affirmative defense.

It is conceded by both sides that the defendant, Gertrude D. Hawes, desired to obtain a loan on certain real property owned by her. This loan was to be made by a client of Mr. Coddington, a lawyer, who testified that he insisted as a condition of making the loan that a policy of plaintiff with no exceptions be given him. The counterclaim set up by defendant alleges that she entered into an agreement with Coddington, under which Coddington agreed to make the loan upon being furnished with a Torrens law certificate issued July 10, 1910, and a search to be made by plaintiff which was to show whether there were any mortgages or other liens other than those contained in the "memorials" attached to the Torrens law certificate, and that plaintiff was to issue its policy to this extent only, and defendant set forth

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

135 N.Y.S.—39

that Coddington refused to make the loan because plaintiff had raised objections to the title, on the ground that the Torrens law was unconstitutional and that the proceedings thereunder were irregular, in that no guardian was appointed, etc.

Arguing from the premise claimed by defendant, we think the court was wrong in allowing these facts to stand as an affirmative defense. By section 1, subd. 14, of the Municipal Court Act, the court had no jurisdiction to try an action of slander, and therefore the court was right in striking out the counterclaim; but the question arises whether these facts relating to the alleged slander of title could be properly pleaded and proved to defeat plaintiff's action.

[1] The objection that an affirmative defense is bad in law may be taken at the trial and is not waived by not demurring. Ampersand Hotel Co. v. Home Insurance Co., 198 N. Y. 495, 91 N. E. 1099, 28 L. R. A. (N. S.) 218, 19 Ann. Cas. 839. It is not claimed that plaintiff did not perform that which according to its claim it was employed to do. What defendant claims is that plaintiff, in addition to making the examination and search, went beyond this and by putting in its report objections to the Torrens proceedings clouded and slandered the defendant's title. If the matter set up by defendant amounts to anything at all, it amounts to facts constituting a cause of action for slander of title. Now, as plaintiff was to report to Coddington, according to defendant's own theory, what it found, is there not at least a possibility that the report to Coddington was privileged, and that the plaintiff should have a right to present the defense of privilege in an action for slander?

[2] As to defendant, a slander of title to the owner alone cannot give rise to a cause of action, any more than actionable words uttered in the presence of the person slandered only. Defendant's brief states that the defendant did not withdraw the counterclaim, but only the demand for damages, reserving the right to sue in the Supreme Court for the slander of title.

[3] This affirmative defense, if established, did not show that the plaintiff failed to perform the work it was employed to perform, or the work which was accepted by defendant, but only that, after performing this service, the plaintiff went further and·slandered the defendant's title, by reporting concerning the Torrens act (Laws 1908, c. 444) an additional report which defendant says plaintiff was not employed to make. I do not think this slander arises out of the same transaction, because the property slandered happens to be the same property the title to which plaintiff was employed to search and examine.

We are not referred to any case holding that facts constituting a cause of action which a court has no jurisdiction to try may be set up as a counterclaim. In Heiferman v. Scholder, 134 App. Div. 579, 119 N. Y. Supp. 520, cited by defendant, it was held that the Municipal Court has the right to try the question whether a title is marketable or not, as this does not involve the question of the right of possession of real property, which the court held was the only question falling within the prohibition of the Municipal Court Act. To

the same effect is Heinbinder v. Sullivan, 129 App. Div. 589, 114 N. Y. Supp. 107. But here the defense amounts to a cause of action for slander, which the Municipal Court has no jurisdiction to try.

Nor can I see any analogy between this case and those cases where it has been held that in the Municipal Court fraud in the procuring of a contract may be set up as a defense to an action on the contract, although fraud might not be proved as a basis for affirmative relief; for, as was said by Leventritt, J., in Pelgram v. Ehrenzweig, 51 Misc. Rep. 31, 99 N. Y. Supp. 913:

"In the Municipal Court, in actions upon written contracts, though fraud may not be proven as a basis for affirmative relief, it is always a defense to a claim founded on the contract."

For fraud is pleaded, not as a cause of action to get a recovery for the defendant setting it up to recoup against plaintiff's recovery, but the fraud goes to the existence of the contract sued on.

Nor can defendant stand in any better position under sections 150 and 151 of the Municipal Court Act, which permit a counterclaim to be set up arising out of the same contract. If a laborer is employed to mow the grass, and, having finished his task, while reporting completion, assaults his employer, can the assault be counterclaimed by the employer as against an action for the services rendered? The assault cannot be said to arise out of the same transaction within the meaning of the Code.

The alleged slander of title did not go to the question of performance of the contract, but to the question whether the plaintiff, after performing, committed an independent wrong, amounting to a cause of action which the Municipal Court has no jurisdiction to try. The facts set up here by defendant constituted an independent claim for damages, which defendant sought to recoup against any damages claimed by plaintiff, and this independent cause of action the Municipal Court had no jurisdiction to try, and it matters not that defendant reduced her claim to only so much as was necessary to equal any recovery by plaintiff. For the distinction between a counterclaim and an affirmative defense, see Deeves & Son v. Manhattan Life Ins. Co., 195 N. Y. 336, 88 N. E. 395.

[4] The question of the authority of defendant's husband being in question, it was error to allow the husband to testify that, when he signed his name as "attorney," he signed it "as attorney in law."

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.