### STANDLEY v. CURREY et al.

(Court of Civil Appeals of Texas. Texarkana. Nov. 13, 1913.)

1. JUSTICES OF THE PEACE (§ 36*)—ACTIONS—JURISDICTION.

An action for $137 rent due from defendant, as plaintiff's tenant, is within the jurisdiction of the justice court; the rule estopping a tenant from disputing the title of his landlord rendering the question of title immaterial.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 83–97; Dec. Dig. § 36.*]

2. LANDLORD AND TENANT (§ 61*)—OBLIGATIONS OF TENANT.

A tenant is estopped to deny the title of his landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 151, 152, 187–196; Dec. Dig. § 61.*]

3. JUSTICES OF THE PEACE (§ 141*)—ACTIONS—APPEAL.

In determining the jurisdiction of the county court upon an appeal from the justice's court, averments in plaintiff's supplemental petition, filed in answer to defendant's plea to the jurisdiction first filed in the county court, cannot be considered.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 467–476; Dec. Dig. § 141.*]

Appeal from San Jacinto County Court; Jno. C. Browder, Judge.

Action by J. Standley against Zack Currey and others. From a judgment dismissing the action in the County Court on appeal from a justice's court, plaintiff appeals. Reversed and remanded.

Wm. McMurrey and F. O. Fuller, both of Cold Springs, for appellant. J. M. Hansbro, of Cold Springs, and Dean, Humphrey & Powell, of Huntsville, for appellees.

WILLSON, C. J. The suit was commenced in a justice court by appellant as plaintiff. He sought a judgment against appellee Zack Currey for the sum of $137 as the value of one-fourth of crops grown by said Currey as

his tenant on land described in his complaint. Currey and appellee Cleveland, who, it seems, voluntarily made himself a party defendant, answered, denying they were appellant's tenants. A trial in the justice court resulted in a judgment that appellant take nothing by his suit, and that defendants recover of him the costs of the suit. In the county court, to which appellant appealed, appellees filed a plea in which they alleged that neither of them was ever appellant's tenant, but that appellee Cleveland was the owner of the land under a deed or deeds made by appellant, and that the crops grown thereon were grown by appellee Currey as his (Cleveland's) tenant. They then alleged "that," quoting, "the question of title to said premises is in controversy in this suit, by reason whereof neither the justice court, in which this suit originated, nor this court on appeal has any jurisdiction to determine the issues involved in this suit." The court sustained this plea and, on the ground that he was without jurisdiction to try it, dismissed the suit.

[1, 2] The sole purpose of appellant's suit, as commenced in the justice court, being to recover $137, the sum alleged to be due to him from appellee Currey as his (appellant's) tenant, as the rent of the land, it is clear that court had power to hear and determine it. The issues in that court made by the pleadings were: (1) Did the parties occupy the relationship of landlord and tenant? (2) If they bore that relationship to each other, what was the sum, if any, due by Currey to appellant as rent? As a result of the rule which estops a tenant from disputing the title of his landlord to the leased premises, it was not necessary to the recovery appellant sought that he should prove that he owned the land. 18 A. & E. Enc. Law, p. 420; Juneman v. Franklin, 67 Tex. 411, 3 S. W. 562; Hintze v. Krabbenschmidt, 44 S. W. 39. For, if Currey occupied the relationship of tenant to appellant, the latter was entitled to recover any sum due to him by Currey as rent, whether he (appellant) owned the land or not.

[3] Appellees' contention in support of the action of the trial court is that it appeared from the face of the pleadings that the main issue in the suit was one of title to the land. This contention is based on allegations in a supplemental petition filed by appellant (in reply to an averment in appellees' plea to the jurisdiction of the court that Currey was not the tenant of appellant but of Cleveland, who, they alleged, owned the land under a deed made by appellant), charging that the execution of the deed from him, under which Cleveland claimed title, was procured by means of a fraud practiced on him by Cleveland. Appellant did not ask that the deed referred to be canceled, or for any relief, because of the fraud practiced on him as he alleged. The character of his suit was not changed by the allegations in the supplemental petition. It remained as it was commenced, a suit solely for the purpose of recovering a debt of $137 which he claimed was due to him from Currey. Such being its nature, the justice court had power to hear and determine it in the first instance, as stated before, and we think it is clear the county court on the appeal to it had power to do likewise.

The judgment is reversed, and the cause is remanded for a new trial.