MEGANTZ v. COOKE.

1. FORCIBLE ENTRY AND DETAINER — OPTION TO PURCHASE — TRES-
PASSERS.

    In summary proceeding, defendants who had no right to posses-
sion of lots in dispute prior to obtaining option to purchase
same and who continued in possession after judicial denial of
rights under option in suit by defendants for specific perform-
ance thereof *held*, trespassers and not tenants at will or by
sufferance with right to notice to quit.

2. JUDGMENT—SPECIFIC PERFORMANCE—SUBJECT MATTER—SUMMARY
PROCEEDINGS.

    Subject matter in issue under bill for specific performance of
option to purchase land, or which should have been there pre-
sented, could not be reserved for litigation in summary pro-
ceeding.

3. TRESPASS—NOTICE TO QUIT.

    A trespasser is not entitled to notice to quit.

Appeal from Wayne; Campbell (Allan), J. Sub-
mitted October 13, 1937. (Docket No. 118, Calendar
No. 39,730.) Decided November 10, 1937.

Summary proceedings by Samuel Megantz and
wife against Irvin F. Cooke and wife and others
to obtain possession to land. Complaint dismissed.
Plaintiffs appealed to circuit court. Judgment of
restitution for plaintiffs. Defendants Cooke appeal.
Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiffs.

*Arthur E. Brown* (*Samuel E. Bracegirdle,* of
counsel), for defendants.

WIEST, J. March 21, 1934, plaintiff Samuel
Megantz gave defendant Irvin F. Cooke a writing
stating:

"Received of Irvin F. Cooke the sum of $50 to
apply on the purchase price of lots 154 and 155 of

the Germans Montrose Park Subdivision, being on the south side of Eight Mile Road. Sale price to be $1,000 to be paid on the following terms.''

The terms provided for a land contract or note and mortgage, with certain payments down, and also provided:

''The contract or note and mortgage to be executed on or before 10 days from the date hereof.''

July 5, 1934, Mr. Cooke filed a bill to obtain specific performance. The court found that Mr. Cooke did not make the payments stipulated in the writing, nor did he tender the mentioned contract or note and mortgage within a reasonable time and, on December 6, 1935, dismissed the bill, requiring Mr. Megantz, however, to reimburse Mr. Cooke in the sum of $19.20 for taxes paid. No appeal was taken.

April 9, 1936, Mr. Megantz and his wife filed a bill of complaint against Mr. Cooke and others to enjoin the erection of any building on the premises or using the same. May 5, 1936, an amended bill was filed and, on May 28, 1936, another amended bill was filed. Defendants therein filed an answer in which was set up the mentioned writing of March 21, 1934, and claim made of ownership thereunder. While such suit was pending Mr. Megantz and his wife commenced a summary proceeding before a circuit court commissioner to recover possession of the premises, charging defendants with being trespassers. Defendants therein pleaded not guilty and pendency of the last mentioned suit and claimed title to the premises. Thereupon the commissioner dismissed the proceeding and Mr. Megantz and his wife appealed the case to the circuit court.

The summary proceeding was heard in the circuit court, without a jury, and the court held that

the decree, refusing specific performance, was *res judicata* of defendants' claimed rights under the writing of March 21, 1934, and defendants could not hold possession thereunder and were trespassers and entered judgment of restitution of the premises to plaintiffs.

Defendants, by appeal, contend that denial of relief by specific performance was no adjudication of defendants' title to the premises or right to possession thereof.

Except under the mentioned option defendants have no right to possession, and their continuance in possession, after judicial denial of rights under the option, constituted them trespassers and not tenants at will or by sufferance with right to notice to quit.

The subject matter in issue under the bill for specific performance, or which should have been there presented, could not be reserved for litigation in the summary proceeding.

We find no evidence of possession of the premises by defendant Irvin F. Cooke as tenant. He had placed some used material on the lots without the consent of plaintiff and then obtained the option to purchase. The use of the lot previous to the option was a trespass. The option carried no right of possession and, when the court refused performance of the option, the possession continued as a trespass and there was no relation of landlord and tenant. A trespasser is not entitled to notice to quit.

Upon the record before us and the questions presented we find no merit in the appeal and the judgment is affirmed, with costs to plaintiffs.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.