ROUSE v. REID.

1. FORCIBLE ENTRY AND DETAINER—LIFE TENANT AND TENANT OF
   REMAINDERMAN—OFFICE OF PRICE ADMINISTRATION REGULATIONS.
   Where defendant was a tenant of remainderman to whom plain-
   tiff had deeded property and retained therein a life estate,
   defendant was not a tenant of the plaintiff, hence latter need
   not comply with regulations of the office of price administra-
   tion as a condition precedent to obtaining possession through
   summary proceedings in justice or circuit court.

2. LIFE ESTATES—RIGHT TO POSSESSION.
   A life tenant has the right to possession as against the holder
   of the reversionary interest or the latter's grantee.

3. LANDLORD AND TENANT—EVIDENCE OF RELATIONSHIP—NOTICE TO
   QUIT.
   The mere fact that plaintiff, a life tenant, gave defendant,
   grantee of the holder of the reversionary interest, a "notice
   to terminate tenancy" does not establish the relationship of
   landlord and tenant between the parties to summary proceed-
   ing to recover possession of land so as to require compliance
   with Federal housing regulations, especially where it is con-
   ceded such relationship did not exist.

4. FORCIBLE ENTRY AND DETAINER—NOTICE TO QUIT—LIFE TENANT—
   HOLDER OF REVERSIONARY INTEREST.
   No notice to terminate tenancy is necessary as a condition
   precedent to institution of summary proceedings by life tenant
   against grantee of holder of reversionary interest.

5. SAME—JURISDICTION—SUMMARY PROCEEDINGS—TITLE.
   In summary proceedings to recover possession of land, the ques-
   tion of title is not involved where record fails to justify claim
   in that plaintiff, a life tenant, makes no claim of title and
   defendant, holder of the reversionary interest, admittedly has
   title subject to plaintiff's life estate, hence justice court had
   jurisdiction.

6. COSTS—BRIEFS—COURT RULES.
   No costs are allowed upon affirmance of judgment where ap-
   pellee did not file a timely brief in Supreme Court in accord-
   ance with court rule (Court Rule No. 69, § 4 [1945]).

Exclusiveness of possession by life tenant, see 1 Property, § 117,
comment d.

Appeal from Oakland; Holland (H. Russel), J. Submitted June 5, 1945. (Docket No. 3, Calendar No. 42,958.) Decided October 8, 1945.

Summary proceedings in justice's court by Jacob B. Rouse against Roland N. Reid for possession of land. Judgment for plaintiff. Defendant appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Donald C. Porritt,* for plaintiff.

*John T. Canniff* (*Herbert J. Pevos,* of counsel), for defendant.

BOYLES, J. Defendant appeals from a judgment entered in circuit court on an appeal from justice court in summary proceedings to recover possession of land, in which the plaintiff was allowed a judgment for possession.

In 1927 the plaintiff deeded the premises in question, consisting of a small three-room house, to his daughter, Carrie Lacrone, retaining therein a life estate. In 1935 Carrie Lacrone built an addition to the then-existing house, to be occupied by the plaintiff in order to make the old portion of the house available for Roland N. Reid, the defendant in this case, who had married Carrie Lacrone's daughter. He paid $6 per month rent to Carrie Lacrone, his mother-in-law, until sometime in 1941 when Carrie Lacrone deeded the property to the defendant and his wife. Thereafter the rental payments ceased, the defendant undertaking to maintain the property and pay the taxes. On January 7, 1944, plaintiff served a notice on the defendant to surrender up possession of the premises and about five weeks later commenced summary proceedings before the

justice court of Farmington, where a default judgment for possession was entered. It is conceded that plaintiff had not complied with the Federal housing regulations promulgated by the office of price administration (OPA), particularly with reference to requirements for notice to be given by a landlord to tenant and to the area rent office of the OPA, before eviction. About the time when the summary proceedings were commenced, the plaintiff also commenced a chancery action in the Oakland circuit court against the defendant and Carrie Lacrone to set aside the deeds, to obtain possession of the premises, and for an accounting. That action is still pending. The defendant appealed to the circuit court from the judgment entered in justice court and a similar judgment for plaintiff was entered in circuit court, from which the defendant appeals.

For reversal the defendant claims that neither the justice court nor the circuit court had any jurisdiction over the matter, inasmuch as the plaintiff had not complied with the regulations of the office of price administration (OPA) governing the eviction of tenants. The complete answer to this claim is that the relationship of landlord and tenant did not exist between this plaintiff and defendant. This is admitted by counsel for the defendant, appellant, in his brief, as follows:

"The record is barren of any proof of landlord and tenant relationship between the parties. Whatever testimony was offered from the stand establishes the fact, beyond contradiction, that the original tenancy was established and maintained between Carrie Lacrone, the daughter of the plaintiff, and Roland N. Reid, defendant herein. * * *

"This testimony of the plaintiff is in harmony with the testimony of Carrie Lacrone, daughter of the plaintiff, who testified that she rented the prem-

ises to the Reids. Exhibits B-1 to B-2, representing a series of receipts for the years 1936, 1937, 1938 and 1939, even further support the fact that the rental relationship was between Carrie Lacrone and Roland N. Reid, the defendant herein."

There is no claim that Carrie Lacrone acted as agent for her father, plaintiff herein, or that he ratified her action in such a way as to make her son-in-law a tenant of the plaintiff instead of herself. Plaintiff's right to possession is based on the life lease he held in the premises, fully established by documentary evidence in the record and the existence of which is conceded by the defendant. As the holder of the life lease plaintiff had the right of possession as against Carrie Lacrone, the owner of the reversion, or her grantee, the defendant herein. *Palman* v. *Reynolds,* 310 Mich. 35. The mere fact that the plaintiff gave the defendant a "notice to terminate tenancy" does not establish the relationship of landlord and tenant between this plaintiff and defendant, particularly in view of counsel's concession that such relationship did not exist. As between the plaintiff herein and the defendant Roland N. Reid, no notice to terminate tenancy was necessary. *Megantz* v. *Cooke,* 282 Mich. 213.

The Federal housing regulations promulgated by the office of price administration apply to the relationship of landlord and tenant and define what must be done in order to evict a tenant. Plaintiff was not required to comply therewith as a condition precedent to obtaining possession. Defendant relies on *Nagelspach* v. *Shaw,* 146 Mich. 493. In that case the defendant sought to rely on a life lease which the court found did not exist. The situation is different in the case at bar.

Defendant claims a question of title is involved in this proceeding, hence the lower court did not have

jurisdiction in summary proceedings to recover possession. Nothing in the record justifies defendant's claim that a question of title is here involved. Plaintiff makes no claim of title, and admittedly the defendant and his wife have title (subject to plaintiff's life estate) by warranty deed from plaintiff's grantee, Carrie Lacrone. The question of title doubtless is involved in the chancery case to which defendant refers, but not here.

The judgment is affirmed, but without costs, appellee not having filed a timely brief in this court in compliance with rule of court.*

Starr, C. J., and North, Butzel, Bushnell, Sharpe, and Reid, JJ., concurred. The late Justice Wiest took no part in the decision of this case.