## DUVALL v. SOUTHERN MUNICIPAL CORPORATION.

### No. 731.

Municipal Court of Appeals for the District of Columbia.

Jan. 10, 1949.

Joseph H. Schneider, of Washington, D. C. (Ben Lindas, of Washington, D. C., on the brief), for appellant.

Samuel J. L'Hommedieu, of Washington, D. C. (C. Maurice Weidemeyer, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

The Southern Municipal Corporation sued the defendants below, James T. Edwards and Bernard Leonard, trading as Bernard Leonard & Co., for rents collected by defendants as agents. Plaintiff claimed the rents as holder of a tax deed on premises 1230 3rd Street, S. W. Defendants by answer admitted holding the rents in question but asserted that one Nathan Duvall had served notice that he was the owner of the fee simple title to the property. Duvall was allowed to intervene upon the basis of an affidavit by him that subsequent to the date of the tax deed he had received a deed to the property from one Herbert S. Tolson. Duvall further alleged on information and belief that at the time of the tax deed Tolson was the owner in fee simple of the premises and that plaintiff had never been in possession of the property and "is not legally entitled to the same." Judgment was given for plaintiff and Duvall has appealed.

At the outset of the trial the court asked counsel for defendants and intervenor the nature of their defense. Counsel replied that under the law relating to the sale of real property for taxes the purchaser was not entitled to rents. W. C. & A. N. Miller Development Co. v. Emig P. Corp., 77 U.S.App.D.C. 205, 134 F.2d 36, was cited in support of this position. The trial court disagreed and objection was then made that the Municipal Court did not have jurisdiction as the case involved title to real property. The court ruled that such matter was not before the court because, not having been raised by motion, the jurisdictional question was waived.

Plaintiff then put on its case showing a tax deed to the property recorded June 6, 1947, and a letter demanding rent collected by the defendant rental agents. The demand was answered by a letter from attorneys for Herbert Tolson, administrator for the deceased former record owner, Marie A. Tolson. Correspondence between the parties ensued, with some indication of efforts to purchase plaintiff's interest or to redeem the property. Tolson's attorneys, however, directed Bernard Leonard & Co. to withhold the rents. Subsequent attempts to secure payment were unsuccessful and this action was filed.

Upon the conclusion of plaintiff's case, it was announced that defendant and intervenor would stand upon their contention as to the court's lack of jurisdiction and would not put on any evidence.

Appellant contends that this is a case involving the title to real property and thus it was error for the trial court to proceed with the case after the jurisdictional point was raised. Appellee insists that even if there was a jurisdictional failure, which it denies, appellant waived it by not offering the defense in accordance with Municipal Court rules in the form of a motion before trial.

We believe that the trial court erred in ruling that defendant waived the question of jurisdiction by failing to raise it by motion. This being a "Class B" ac-

tion involving less than $500, Municipal Court rule 3(b) applies. While that rule provides that certain defenses, including lack of jurisdiction over the subject matter, are deemed waived unless presented by motion, the rule further provides in subparagraph (c) that nothing contained in the rule shall preclude any party from relying on any defense available to him at the trial of the action. Furthermore, it is fundamental that jurisdiction over the subject matter of a case may never be conferred by consent and may even be questioned for the first time on appeal.[1]

 For the reasons stated below, the trial court had jurisdiction of the case unless its determination necessarily involved title to real estate. The original rule in the District of Columbia for determining the materiality of title in each case was that such question was to be determined from the pleadings,[2] but such rule was subsequently changed, and the present rule is that only after an examination of the entire case can it be determined whether title is really in question.[3] Here we are unable to determine from the record whether title to real estate was actually in dispute as a material issue in the case. The trial court was in the same position, and never determined whether title to real estate was necessarily involved because of its preliminary ruling that the jurisdictional question had been waived. It was that ruling which led the intervenor to refuse to present any evidence. It would have been better practice for the intervenor to have proceeded with his proof to enable the trial court to determine whether the case actually did involve title to real property. We believe, however, that under the circumstances intervenor was justified in maintaining his position. Our conclusion is that a new trial should be ordered to permit the development of evidence so that the question of

jurisdiction may be determined on the entire record.

Historically the Municipal Court did not have jurisdiction over "cases involving title to real estate." Congress, when it first established justice of the peace courts in the District of Columbia, adopted the limitations of their counterpart in our parent jurisdiction of Maryland.[4] The reasons for such limitation were sound at the time. Justices of the peace were not learned in the law nor were theirs courts of record.[5] However, in spite of the fact that these reasons long since have lost their validity, the same language has been employed by Congress in every re-enactment until the recent amendment of April 1, 1942,[6] which vested the Municipal Court with jurisdiction in addition to that previously possessed.[7] Appellee maintains on the strength of this amendment that the Municipal Court now has jurisdiction over the action even if title to real estate is in issue. We do not agree with this position in all its implications.

Prior to the 1942 amendment the Municipal Court had exclusive jurisdiction in all civil cases in which the amount claimed to be due for debt or damages did not exceed $1,000 and arose out of contracts, express or implied, or damages for wrongs or injuries to persons or property, *except in cases involving title to real estate*.[8] The amendment in question provided specifically that the Municipal Court should continue to have the same jurisdiction as it had previously exercised but then expanded the jurisdiction by giving the court in addition "exclusive jurisdiction of civil actions, * * * in which the claimed value of personal property or the debt or damages claimed * * * does not exceed the sum of $3,000".

 Construing the new jurisdictional provision, the United States Court of Ap-

---

[1] United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263; Woodmen of the World L. Ins. Ass'n v. Federal C. Comm., 69 App.D.C. 87, 99 F.2d 122; 1425 F Street Corporation v. Jardin, D.C.Mun.App., 53 A.2d 278.

[2] Gray v. Ward, 45 App.D.C. 498.

[3] Schwartz v. Murphy, 72 App.D.C. 103, 112 F.2d 24.

[4] See Flack, Annotated Code of Maryland (1939) Art. 52, § 8.

[5] See Schwartz v. Murphy, supra.

[6] Code 1940, Supp. VI, 11–755.

[7] Code 1940, 11–703.

[8] Code 1940, 11–703.

peals for the District of Columbia in Klepinger v. Rhodes, 78 U.S.App.D.C. 340, 341, 140 F.2d 697, 698, certiorari denied 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568, ruled that "The only requirements under the existing statute [for jurisdiction] are that the action be a 'civil action' and that it involve personal property, debt, or damages amounting to less than $3,000.00." The present action fulfilled these requirements at the time it was brought. As a general rule an action for rent does not concern title in a jurisdictional sense.[9] Most rent actions simply seek money held or owed by another. They are personal actions founded on privity of contract or estate between the parties.

The supporting cases can be divided into two general classes: First, in an action directly between landlord and tenant the only essential is the proof of the relationship. A tenant is estopped to deny his landlord's title, hence it never can become an issue.[10] Some cases employ a variation of this reasoning, holding that when the third party on whom the defendant depends for title adverse to plaintiff-landlord is not before the court he can not be bound and title can not be in issue.[11] The second class of cases holds that since the action is one for money it is the relationship of the parties rather than title which is in issue.[12]

■ Thus, in summary, it is observed that the ordinary action for rent being founded on privity of estate or contract allows a personal suit in debt or contract.[13] The present case is essentially different. Here we have no privity between any of the parties. However, all essential parties are before the court, the tenant is not a party, and no one is estopped to assert title. We must hold that the only issue in the case, *if there be one,* is predicated upon a decision of which party is the rightful title-

holder. It results that if the proof establishes that the title to real property is really at issue then the case would no longer involve personal property, debt or damages so as to come within the terms of the Municipal Court's expanded jurisdiction. At most it can be said that the Municipal Court now has jurisdiction in actions which are personal rather than real in their nature, where title is incidental to the main issue. Although the express limitative language is missing from the 1942 Municipal Court Act, the same result is accomplished because when title is directly involved then the cause of action no longer falls under the definition of the cases which are within the jurisdiction of the Municipal Court.

■ But it does not follow that there is an issue on title to real estate involved in the present case. More is required than for one of the parties merely to assert that title is involved. So far as the pleadings are concerned the intervenor has merely asserted on information and belief that he derived title from Herbert S. Tolson and that Tolson was the owner in fee simple of the property at the time plaintiff received a tax deed from the Commissioners of the District of Columbia. We do not understand that such an assertion places in issue title to the property. Under the statutes now in force in the District of Columbia title evidenced by a tax deed given in compliance with statutory requirements expunges all interests which spring from record title and vests in the holder a new and complete title to the property in fee simple.[14] Here the intervenor has not pleaded any irregularity in the tax deed admittedly held by plaintiff.

We conclude, therefore, that intervenor did not waive his right to raise the jurisdictional question and that a new trial

---

[9] 32 Am.Jur., Landlord and Tenant § 522; Note 115 A.L.R. 504, 528.

[10] Standley v. Currey et al., Tex.Civ. App., 161 S.W. 416; Sevy v. Stewart et al., 31 Okl. 589, 122 P. 544.

[11] Phelps v. Mallory, 72 Misc. 74, 129 N.Y.S. 397.

[12] McIver v. Hardy, Tex.Civ.App., 146 S.W.2d 1054; Robinson v. Clymer, Tex.

Civ.App., 170 S.W. 107; Phoenix Ins. Co. v. Hoyt, 3 Neb. Unof. 94, 91 N.W. 186; Quetermous v. Hatfield, 54 Ark. 16, 14 S.W. 1096.

[13] See 2 Tiffany, Landlord and Tenant (1912) § 290 et seq.

[14] W. C. & A. N. Miller Development Co. v. Emig P. Corp., 77 U.S.App.D.C. 205, 134 F.2d 36, certiorari denied 318 U.S. 788, 63 S.Ct. 983, 87 L.Ed. 1155.

should be had to permit intervenor to introduce whatever material evidence he may have so that the trial court may then determine whether title to real estate is necessarily involved in the case in the sense that plaintiff's title is denied and intervenor's title is asserted.

Reversed with instructions to award a new trial.