Regis O’Brien, J.
This is an appeal by the plaintiffs from a judgment of the City Court of Buffalo dismissing the complaint on the grounds that the City Court ‘ ‘ has no jurisdiction under Section 21, subdivision 1, of the City Court Act.” The section referred to reads: ‘ ‘ The said city court of Buffalo shall not have jurisdiction of any civil action in either of the following cases: 1. In any case involving the title to real property” (L. 1909, ch. 570).
The action arises out of the defendant’s alleged breach of a contract to sell to plaintiffs, certain premises commonly known as No. 961 Eggert Road in the Town of Amherst, New York. The action is brought to recover the sum of $550, being the deposit on the purchase price of $500 and the alleged reasonable value of $50 for the expense incurred in having an examination of the title made to the property. One of the provisions of the sale contract required the defendants to tender to the plaintiffs “ a good and marketable title ” to the premises.
Plaintiffs allege in the complaint that at the time and place stipulated for closing and completing the contract of purchase, they were ready, able and willing to perform and fulfill the contract on their part but that the defendants were not able to do so on their part as they did not possess and were unable to convey a good and marketable title to the property free and clear of all liens and encumbrances by reason of the fact that certain utility easements and restrictions were encumbrances on the property.
The defendants in their answer put in issue the foregoing allegations of the complaint and in their first affirmative defense allege that at the time and place set for the closing of the title, they were not only ready and willing to perform the contract but that they tendered to the plaintiffs ‘ ‘ a good and sufficient deed to the premises ” which the plaintiffs refused to accept.
The defendants also allege in their second affirmative defense ‘ ‘ that this action involves title to real estate * * * and this court has no jurisdiction of this action and the subject matter thereof.” No defense or counterclaim was pleaded requiring the aid of a court of equity.
When the case came on for trial before City Court Judge Cosgrove, the defendants’ motion to dismiss the action was granted, the Judge stating in part: “ I will rule that we have no jurisdiction because the question of title is involved. I am *79 going to grant this motion to dismiss, in this court, on the basis we have no jurisdiction.”
Thus, the precise question presented is whether ‘ ‘ the title to real property” is involved in this action. On its face, the action appears to be for money had and received. The plaintiffs allege the making of the sale contract, claiming defendants’ failure and inability to tender a ‘ ‘ marketable title ’ ’ to the property, and then ask judgment for the money paid on deposit plus the expense of title examination. This poses the question of whether or not the title to real property is involved in this action, within the meaning and intent of the said City Court Act. No specific decision involving the City Court of Buffalo has been brought to my attention but the question apparently is not a new one in this State or in other localities.
Research of the subject reveals that various court decisions have settled the law to be that no question as to the title of real property is involved in an action by a purchaser to recover the down payment under a contract for the sale of said real property, for the seller’s failure to deliver a marketable title to the property as agreed, because of an encumbrance thereon. The courts reason that in such action the seller’s title is not in issue and his possession of the property will, in no way, be disturbed by a money judgment for the plaintiff. The only issue presented in such action is whether or not there is an encumbrance or lien on the property rendering the title unmarketable. The seller will have the same title after the judgment that he had before, even though it may be unmarketable.
In Elinsky v. Berger (87 App. Div. 584) the action was to recover the amount of a cash deposit made by the plaintiff under a contract for sale of certain real property. It was conceded that an adjoining building encroached upon the property so that the defendant could not give complete possession. The only point raised by the appellant was that the Municipal Court had no jurisdiction because the title of real estate was in question. The Municipal Court Act provided that the court could take no cognizance where ‘ ‘ the title to real property comes in question” (L. 1902, ch. 580, § 2). The court in affirming the judgment for the plaintiff said (p. 585): “ There was no title in dispute. The action is for damages for breach of contract, and the right of action is established on proof of a failure to convey as agreed upon for any cause with which the plaintiff is not legally chargeable. The difficulty in this instance arose from the fact that the defendant’s property is so encumbered as to deprive him of the power of transferring possession. His title, *80 however, was in no sense disputed by the plaintiff, and the case was not one of those contemplated by the statute.”
A like decision was made in Heimbinder v. Sullivan (129 App. Div. 589). In this case the court reversed the judgment of the Municipal Court dismissing the complaint in an action by the purchaser to recover the amount he paid on a contract for the sale of real property. The defendant filed an answer, alleging facts which he claimed showed that the title to the real property would come into question. This procedure was authorized by the Municipal Court Act for the purpose of ousting the court of jurisdiction. The answer also alleged that the plaintiff refused to accept the deed of conveyance because the defendant did not have a good and marketable title to the property. In regard to this latter claim the court said (p. 590): “It does not appear unequivocally from this that the dispute was about the title, i.e., the ownership of the land, but rather about a question of encumbrance, which is not a dispute about the title (Smith v. Riggs, 2 Duer, 622; Collins v. Adams, 15 Civ. Proc. Rep. 384). The defendant may have the title and yet may not be able to convey what is called a ‘ good and marketable title ’, or 1 under the terms of the contract ’, but only because some encumbrance, and the question of an encumbrance is not a question of title.”
In Heiferman v. Scholder (134 App. Div. 579) the court reversed the judgment of the Municipal Court of the City of New York which had dismissed the complaint in an action to recover title examination expenses and the amount of money deposited by plaintiff on entering into a contract with the defendants for the purchase of certain real property in the Borough of Brooklyn. The court discussed the applicable provisions of the Municipal Court Act, and held that the title to real property did not come in question in the action within the provision of the act. At page 583 of the last-cited case, the court states: “It is true the plaintiff asserts that the defendants were not prepared to deliver a merchantable title to the real estate in question, but that does not bring the case within the exclusion of the statute. The question of whether the defendants were able to give a marketable title on a particular date does not make the title to real property come in question; it does not involve the defendant’s title. Title to real estate is generally defined to be ‘ the means whereby the owner of lands has the just possession of his property ’ (28 Am. & Eng. Ency. of Law [2d ed.], 232, and authorities cited in notes), and it is only where this just right of possession is to be disturbed by the judgment that there is any limitation on the jurisdiction of the court. The title to real property does not come in question, *81 in contemplation of the provisions of the Municipal Court Act unless it is to be affected by the judgment; unless the rights of the owner are disturbed by the adjudication. No judgment rendered by the court in this action would involve the defendants’ rights as the owners of the real estate; * * * The mere fact that the court was called upon to determine whether the defendants offered a merchantable title on a given date, as an incident in the decision of the present controversy, has no bearing upon the defendants’ right of possession in the premises; it does not bring their title in question within the meaning of the provisions limiting the jurisdiction of the Municipal Court.”
In Trevett v. Barnes (110 N. Y. 500) plaintiffs sought to recover damages for injuries to their dam, alleged to have been washed out by the defendants’ negligence. Plaintiffs’ title to the dam was put in issue by the defendants who, however, did not claim title in themselves but in a third party with whom they claimed no connection. The court held that the action did not affect the title to real property or any interest therein. The court said at page 503: ‘ ‘ It is not enough that the action relates to real property or in some way affects it, it must itself affect the title or some interest therein.”
Again in Smith v. Riggs (2 Duer 622, supra) the action was to recover damages for defendant’s breach of contract in failing to convey certain real property by a good and sufficient deed “ free from incumbrances.” Plaintiff refused to accept the deed tendered, because it would not bar dower. The court, in ruling on the question of costs, held that no question of title of real property was involved and said, at page 626: “ It is admitted by the pleadings, that the defendant was the owner in fee of the house and lot, which he agreed to convey. The title of an owner is certainly not divested by an outstanding encumbrance, and, according to the decisions, the question of title is in all cases a question of ownership. ” Similar holdings were made by the courts in Phelps v. Mallory (72 Misc. 74) and Post v. Levitan (88 Misc. 334).
The courts of other States have held in actions to recover the down payment made under sale contracts for the vendors’ breach of covenant to convey a marketable title to real property, that the title to real property was not involved even though the title was rejected because of an incumbrance. In such case, appellate courts of many States have upheld the jurisdiction of lower courts which had no power to adjudicate questions involving the title to real property. (Barrs v. State of Florida ex rel. Britt, 95 Fla. 75, 80; Ruth v. Durendo, 166 Md. 83; Smith v. Adams, 167 S. W. 30 [Tex. Civ. Apps.]; Hollis v. Finks, 34 Tex. *82 Civ. Apps. 12; Blue v. Green, 7 Alaska 47.) It has also been held that the jurisdiction of such court is not ousted when the title to real property is only incidentally involved in the action (Rouse v. Reid, 312 Mich. 213; Clark v. Gray, 204 Okla. 221; Fry v. Ahrens, 256 S. W. 2d 115 [Tex. Civ. Apps.]; Cathcart v. Malone, 33 Tenn. App. 93).
The judgment appealed from is reversed. Submit order.