### SPITZER v. KORMINSKY.

(Supreme Court, Appellate Term. February 27, 1906.)

COURTS—MUNICIPAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY—INTEREST.

Municipal Court Act, Laws 1902, p. 1487, c. 580, § 1, provides that the Municipal Court of the City of New York shall have jurisdiction of an action to recover damages where the sum claimed does not exceed $500, and section 250 declares that, where the amount exceeds the sum for which the court is authorized to enter judgment, the party entitled to recover may remit the excess, and judgment may be rendered for the residue. *Held,* that where, on appearance, plaintiff orally claimed for "damages, personal injuries," and subsequently filed a bill of particulars claiming a willful injury causing actual damage in the sum of $136, and demanding treble damages in the sum of $408, plaintiff not having made any claim

for interest in the bill of particulars, and not being entitled to interest on the original claim interposed, the fact that interest on the amount demanded, if allowed, would increase the claim beyond the jurisdictional amount, did not oust the court of jurisdiction.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Victor Spitzer against Henry Korminsky. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and GIEGERICH and GREEN-BAUM, JJ.

Herman Roth (I. M. Dittenhoefer and Herman Roth, of counsel), for appellant.

S. A. Hyman (Harry Allen Mendelson and Sidney L. Josephthal, of counsel), for respondent.

SCOTT, P. J.   On the 25th day of April, 1905, a summons was issued against the defendant herein, returnable May 5, 1905, which summons contained a notice that, if the defendant failed to appear and answer, the plaintiff would take a judgment against him for the sum of $408, with interest from April 26, 1899.   Upon the return day the parties appeared, and oral pleadings were interposed; the plaintiff claiming for "damages, personal injuries."   Subsequently, and upon May 23, 1905, the plaintiff's complaint was amplified by a bill of particulars, which set forth that the plaintiff was the owner of a water tank, a portion of which tank rested upon the premises of the defendant, by virtue of an easement upon defendant's land owned by the plaintiff; that the defendant willfully and maliciously destroyed said tank; that plaintiff was thereby compelled to replace the same at an expense of $136, and claimed treble damages; that is to say, the sum of $408. Thereafter the parties proceeded to trial, and the testimony of the plaintiff and his witnesses fully supported the allegations of his claim to the extent of $136, and no more.   At the close of the entire case the defendant's counsel moved to dismiss the complaint, upon the ground that the amount demanded therein, being the sum of $408 and interest, as aforesaid, made a total amount of over $500, and that consequently the court had no jurisdiction.   This motion was denied, and judgment for $136 given in favor of the plaintiff. .

The question of the jurisdiction of the court below to entertain the action is the only one raised by the appellant that requires much consideration; the other points raised by him being without merit.   The Appellate Division, in considering the question of the jurisdiction of the Municipal Court where a claim for $500 and interest was made, in the case of Hamburger v. Hellman, 103 App. Div. 263, 92 N. Y. Supp. 1067, says:

"Section 1 of that act [Municipal Court act, Laws 1902, p. 1487, c. 580] provides that the Municipal Court of the City of New York has jurisdiction in an action to recover damages * * * where the sum claimed does not exceed $500, and this section must be read in connection with section 250 of the act, which provides that, where the amount found due to either party exceeds the sum for which the court is authorized to enter judgment, such party may

remit the excess, and judgment may be entered for the residue. * * * There is no provision of the act as to what particular process or pleading is to determine the amount of the plaintiff's claim."

The court seems to have stated the rule to be that, where there is a claim made by the plaintiff for an amount upon which plaintiff would be entitled to interest as a matter of right, and the total of the sum claimed and such legal interest amounts to over $500, the court would have no jurisdiction; but that where the sum claimed is $500 or less, and is based upon a claim to which interest cannot attach as a matter of legal right, the additional claim thereto of interest does not divest the court of jurisdiction. If upon the trial the plaintiff showed himself entitled to recover a sum greater than $500, he may remit the excess, and take a judgment for the amount proven. Of course, in case his proof clearly entitled him to recover a sum larger than claimed in his complaint, a proper amendment thereto should be made, to permit the recovery of the amount of damages proven, but not exceeding the court's jurisdiction. Applying that rule to the facts in the case at bar, it will be seen that the complaint as originally interposed gave the plaintiff no right to interest thereon; and, if we regard the bill of particulars subsequently filed as changing the cause of action, it will be observed that in the bill of particulars no claim for any interest whatever is made, the total amount claimed therein being $408.

Judgment affirmed, with costs. All concur.