### BIERMAN v. WERSTEIN.

(Supreme Court, Appellate Term. May 4, 1911.)

COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION.

   Code Civ. Proc. § 1669, providing that, if a person is ejected in a forcible manner, etc., he may recover treble damages, etc., was derived from 2 Rev. St. (1st Ed.) pt. 3, c. 5, tit. 6, § 1, allowing treble damages to be assessed by the jury or "by a justice of the peace in cases provided by law." Held that, while Municipal Court Act (Laws 1902, c. 580) § 1, subd. 17, does not specifically confer jurisdiction to try actions under said section 1669, it does confer jurisdiction in actions for trespass, and in "civil actions of which justices of the peace had jurisdiction on the 31st day of December, 1897"; and as justices of the peace had jurisdiction to try actions under said section on that date, the Municipal Court of New York City also has jurisdiction.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 437–468; Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Nathan Bierman against Samuel Werstein. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Boudin & Liebman (L. B. Boudin, of counsel), for appellant.
Isidor Cohn, for respondent.

LEHMAN, J. The plaintiff has recovered judgment in an action for forcible entry and detainer. The plaintiff showed at the trial that the trespass was accompanied by such force and putting in fear of personal violence as would authorize the award of treble damages, if the Municipal Court had jurisdiction to award such damages.

While Municipal Court Act (Laws 1902, c. 580) § 1, subd. 17, does not specifically confer jurisdiction to try actions under section 1669 of the Code, it does confer jurisdiction in actions for trespass and in "civil actions or proceedings of which * * * justices of the peace had jurisdiction on the thirty-first day of December, 1897." Apparently justices of the peace had jurisdiction to try actions under section 1669 on that date. In fact, that section of the Code is derived from 2 Revised Statutes, p. 338, which specifically provided that upon forcible entry or detainer the injured party "shall be entitled to maintain an action of trespass and shall recover therein treble the

damages assessed by the jury or by a justice of the peace in cases provided by law."

While I find no opinion of any appellate court which considers this question, apparently the Appellate Division in the Second Department has recognized the jurisdiction of the Municipal Courts in actions brought under section 1669 of the Code. Waterbury v. Deckelmann, 50 App. Div. 434, 64 N. Y. Supp. 60.

The appellant also urges that since the summons was for $500 damages, and the complaint asked for treble damages, the court was without jurisdiction. I think that a fair reading of the complaint shows that the appellant asked treble damages amounting to $500, and not for a trebling of the damages asked for in the summons. See Spitzer v. Korminsky, 49 Misc. Rep. 466, 97 N. Y. Supp. 1030.

Judgment should therefore be affirmed, with costs. All concur.