(88 Misc. Rep. 334)

POST et al. v. LEVITAN.

(City Court of New York, Special Term.  December 31, 1914.)

COSTS (§ 18*)—COURTS (§ 188*)—CITY COURT OF NEW YORK—MUNICIPAL COURT.
Under Municipal Court Act (Laws 1902, c. 580) § 1, subd. 14, giving the Municipal Court of the City of New York jurisdiction of "an action to recover damages for an injury to property," where the plaintiffs sued for $100 for injury to realty caused by acts of lessee of adjoining property, and the defendant at no time asserted ownership to the injured property, but merely denied knowledge or information sufficient to form a belief as to the truth of most of the allegations in the complaint, including plaintiff's formal allegations of title, the Municipal Court had jurisdiction of the suit, Municipal Court Act, § 2, providing that, "where the title to real property comes in question as prescribed in title 4," the Municipal Court shall have no jurisdiction, having no application, since the purpose of the provision was merely to secure to defendant the privilege of a Supreme Court trial of an action whose outcome might affect, as matter of record, the title to real property, the existence of such title being an active controverted issue, so that the plaintiffs could not have costs under Code Civ. Proc. § 3228, subd. 5, providing that if a suit is brought in the City Court of New York City, when it might have been brought in the Municipal Court, the plaintiff shall not have his costs unless he shall recover at least $250.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 36; Dec. Dig. § 18;* Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

Action by Laura J. Post and another against Benjamin W. Levitan. On motion to direct the clerk to tax plaintiffs' costs.  Denied.

Arthur C. Bostwick, of New York City, for the motion.
Samuel S. Marcus, of New York City, opposed.

RANSOM, J.  The plaintiffs sued in this court for $100 damages, and gained a jury verdict for $99.66.  The clerk of this court refused to tax costs in behalf of the plaintiffs, on the ground that the action was one which could have been brought in the Municipal Court, and that accordingly the plaintiffs are entitled to no costs, by virtue of the provisions of subdivision 5 of section 3228 of the Code of Civil Procedure.  The parties came before me upon the plaintiffs' application that the clerk be directed to tax the plaintiffs' costs.  I am of the opinion that no such direction should be given.

The Legislature having established arbitrary and not altogether logical lines of demarcation between the jurisdiction of the various civil courts of this judicial district the provisions of subdivision 5 of section 3228 have commonly been given a construction designed to enforce the prescribed boundaries of jurisdiction and place at a disadvantage counsel who insist on clogging the calendars of this court with causes which should have received a summary trial in the Municipal Court.  The pivotal question upon this application is whether, within the meaning of that subdivision, the action at bar is one which could have been brought in the Municipal Court.  The plaintiffs assert this question must be answered in the negative, on the ground that the action is one "where the title to real property comes in question as

prescribed in title 4" of the Municipal Court Act. By section 2 of the Municipal Court Act, the Municipal Court is forbidden to take cognizance of such an action. Subdivision 14 of section 1 of the same statute gives the Municipal Court jurisdiction of "an action to recover damages for  *  *  *   an injury to property.  *  *  *"

I find no reason why this action for $100 damages for injuries to the plaintiffs' real property could not have been instituted and maintained in the Municipal Court. The plaintiffs owned the premises known as No. 24 East Thirty-Third street, in the borough of Manhattan. The ·defendant leased adjoining premises and made certain alterations therein. In so doing the defendant, by acts tantamount to trespass, inflicted upon the railing, coping, roof, etc., of the plaintiffs' property minor injuries, for which they claimed $100 damages, and were awarded 34 cents less. The answer denied knowledge or information sufficient to form a belief as to most of the allegations of the complaint, including the allegations in which plaintiffs' ownership of the premises was asserted. The defendant at no time claimed that he or any one else owned the premises upon which the jury found he inflicted damage.

The presence of this denial in the answer, and the necessity that the plaintiffs prove, on the trial, that they owned property which was damaged by ácts of the defendant, does not make this "an action in which the title to real property comes in question," within the meaning of the Municipal Court Act or any similar jurisdictional statute. The purpose of the provisions of the Municipal Court Act here in question was not to oust the Municipal Court altogether from jurisdiction of every cause in which the defendant's answer fails to admit every averment of the complaint as to the ownership of real property, but was rather, in my judgment, to enable the defendant, at his option and by taking the steps specified in title 4 (sections 179 to 186, both inclusive) of the act, to secure a Supreme Court trial of an action whose outcome might affect, as a matter of record, the title to real property. In the case at bar, neither a general verdict nor a special finding for the defendant would have created any cloud or question as to plaintiffs' title to the property damaged. The gist of this action was recovery of damages for injuries to property, not determination of title, and subdivision 14 of the first section of the Municipal Court Act explicitly gives the Municipal Court a jurisdiction which is not defeated by the presence in the pleadings of an assertion of ownership of the property damaged and the customary denial of knowledge as to the fact of such ownership.

Whether or not the foregoing view is correct, as to which there is an absence of authority in this department, it has at least been squarely held by the Appellate Term (Bierman v. Werstein, 72 Misc. Rep. 29, 128 N. Y. Supp. 1091) that the Municipal Court has jurisdiction to try actions for trespass and forcible entry and detainer, under section 1669 of the Code of Civil Procedure; and the Appellate Division for the Second Department, in a luminous opinion by Mr. Justice Woodward (Heiferman v. Scholder, 134 App. Div. 579, 119 N. Y. Supp. 520), has construed sections 179 to 186 of the Municipal Court Act

to mean, not that the Municipal Court is without jurisdiction even in actions where the title to real property comes in question, but that the Municipal Court has jurisdiction *unless* the defendant files an answer in a specified form and gives the bond required by section 180, in which event the plaintiff has to bring his action anew in the Supreme Court. The jurisdiction of the Municipal Court to try questions of title is held plenary, unless and until the defendant acts in a specified manner to utilize for himself the same option of a Supreme Court trial which his adversary had in choosing a forum. After stating the above holding, Mr. Justice Woodward continued in the Heiferman Case by saying:

"The whole purpose of the act appears to be to protect the defendant from being *compelled* to litigate *his title* in a court of limited jurisdiction at the behest of a plaintiff. * * * It is true the plaintiff asserts that the defendants were not prepared to deliver a merchantable title to the real estate in question, but that does not bring the case within the exclusion of the statute. The question of whether the defendants were able to give a marketable title on a particular date does not make the title to real property come in question; it does not involve the defendants' title. Title to real estate is generally defined to be 'the means whereby the owner of lands has the just possession of his property' (28 Am. & Eng. Ency. of Law [2d Ed.] 232, and authorities cited in notes), and *it is only where this just right of possession is to be disturbed by the judgment* that there is any limitation on the jurisdiction of the court. *The title to real property does not come in question,* in contemplation of the provisions of the Municipal Court Act, *unless it is to be affected by the judgment*—unless the rights of the owner are *disturbed* by the adjudication. No judgment rendered by the court in this action would involve the defendants' rights as the owners of the real estate; it would not in any wise interfere with 'the means whereby the owner of lands has the just possession of his property,' and it is only in such a case that the title is in question. The mere fact that the court was called upon to determine whether the defendants offered a merchantable title on a given date, as an incident in the decision of the present controversy, has no bearing upon the defendants' right of possession in the premises; it does not bring their title in question within the meaning of the provisions limiting the jurisdiction of the Municipal Court. That court has jurisdiction of an action to recover damages for a breach of contract where the amount involved is no larger than is here demanded, and because it is called upon to determine whether the defendants offered a merchantable title on the 17th day of October, 1908, has no more to do with their title to real estate than would be the case if it was necessary to determine that John Smith owned some other piece of real property at that time. It is merely one fact in a chain of facts determining the right of the plaintiff to the damages which he seeks to recover, and is not within the reason of the rule limiting the jurisdiction of the Municipal Court."

To summarize: "Title to real property" was not involved in this action in such a way as to deprive the Municipal Court of absolute and unlimited jurisdiction thereof. In the second place, even assuming that, had this action been brought in the Municipal Court, the defendant might, at his option, have compelled its renewal in the Supreme Court, the action is nevertheless one "which could have been brought in the Municipal Court," and the plaintiff can acquire no right to costs by instituting the action in the City Court. The policy of the Legislature has been to enable *either* party, at his option, to have title questions tried in the Supreme Court, and the plaintiffs' course in instituting this action in the City Court is not to be commended or encouraged by a statutory construction out of accord with the legislative purpose.

Either party may, if desired, enter an order upon this determination.